UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                     Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

                     Defendants.
_____/

Case No. 09-12950
Honorable David M. Lawson

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION,
AND OTHER RELIEF, TEMPORARY RESTRAINING ORDER,
FREEZING ASSETS, AND SCHEDULING HEARING**

Yesterday (Sunday) at 1:32 p.m., the plaintiff filed a complaint against defendants John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC and Shari A. Bravata alleging that the defendants (save Shari Bravata) have been engaged and are still engaging in a scheme to defraud investors in violation of several provision of the Securities Act of 1933, the Securities Exchange Act of 1934, and various regulations promulgated under that legislation. With the complaint, the plaintiff filed an emergency motion for a temporary restraining order, asset freeze, and other ancillary relief, which is now before the Court. The plaintiff alleges that the defendants other than Shari Bravata are engaged in the operation of a pyramid or Ponzi-type scheme through the use of fraudulent representations made to wealthy, elderly investors that has generated approximately $50 million in investments. The investments made by later investors are used to provide returns to earlier investors to maintain the appearance of a successful operation that

provides legitimate returns. The plaintiffs contend that significant amounts of investor proceeds have been diverted to the defendants' personal use.

The Federal Rules permit the Court to enter a temporary restraining order without notice only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991).

In a declaration by an SEC examiner, the government alleges that between May 22, 2006 and April 30, 2009 approximately 440 individual investors transferred to BBC Equities, LLC and Bravata Financial Group, LLC funds totaling $52,943,630. The defendants' promotional literature represents that it has raised over $1 billion in investments. The plaintiff also alleges that the defendants are not registered broker-dealers in securities, and that large sums of investor money have been used for marketing and administrative expenses. Moreover, it appears that of the funds transferred to the defendants, John J. and Shari A. Bravata used $4,688,814.35 of investor money for their own benefit to purchase lavish cars, yachts, jewelry and homes; Richard J. Trabulsy used at least $2,165,609 of investor money for his own benefit to purchase cars, yachts, real estate, trips; and Antonio M. Bravata received over $400,000 from BBC Equities, LLC and Bravata Financial Group, LLC, which he used for the acquisition of personal extravagances.

The plaintiff alleges that the defendants are actively engaged in marketing investments and are about to make a new offering through a forthcoming private placement. The plaintiff is fearful that unless the defendants are temporarily enjoined from perpetuating their activity, they will continue perpetrating fraud. And the plaintiff contends that assets that might be subject to disgorgement may be dissipated if the plaintiff is required to wait for a hearing before injunctive relief is allowed.

The Court finds that entry of this order is appropriate without notice to the opposing party. "There is a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968). The plaintiff's attorneys have offered allegations that the defendants' activities are ongoing, and the assets that have accumulated from investors are in danger of becoming dissipated and placed beyond the reach of a future disgorgement order. The Court finds, therefore, that providing notice to the opposing party would cause irreparable harm because the notice might stimulate the very actions the restraining order is intended to prevent. Therefore, the Court will proceed on an *ex parte* basis. *See* Fed. R. Civ. P. 65(b)(1)(B); *General Motors Corp. v. Buha*, 623 F.2d 455, 457-58 (6th Cir. 1980).

In determining whether a temporary restraining order should issue, the Court considers the same factors as it would when considering a motion for a preliminary injunction. *Summit County Dem. Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). These factors are:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)). The Court finds that these factors favor entry of a temporary restraining order until the defendants can be heard.

Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1) makes it "unlawful for any broker or dealer . . . to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security . . . unless such broker or dealer is registered [with the Commission]." *See S.E.C. v George*, 426 F.3d 786, 793 (6th Cir. 2005). A broker is defined in section 3(a)(4) of the Act as "any person engaged in the business of effectuating transactions in securities for the accounts of others." 15 U.S.C. § 78c(a)(4)(A). The Court will consider several factors to determine whether a person or entity qualifies as a broker for the purposes of section 15(a)(1), including "regular participation in securities transactions, employment with the issuer of the securities, payment by commission as opposed to salary, history of selling the securities of other issuers, involvement in advice to investors and active recruitment of investors." *George*, 426 F.3d at 797 (citations omitted); *see also S.E.C. v. Martino*, 255 F. Supp. 2d 268, 283 (S.D.N.Y. 2003) (listing as the relevant factors (1) whether an employee is the issuer; (2) whether he is reimbursed on a commission-basis rather than a salary; (3) whether he is selling or previously has sold the securities of other issuers; (4) whether he is involved in the negotiations between the issuer and the investor; (5) whether he opines on the merits of the investment or gives advice; and (6) whether he is an active finder of investors); *Salamon v. Teleplus Enterprises, Inc.*, No. 05-2058, 2008 WL 2277094, at *8 (D.N.J. June 2, 2008) (stating that even a

finder will be subject to the registration requirement of the Act if his activities include "analyzing the financial needs of an issuer, recommending or designing financing methods, involvement in negotiations, discussion of details of securities transactions, making investment recommendations, and prior involvement in the sale of securities"). "Cases and SEC No-Action letters interpreting the phrase ['engaged in the business of effecting transactions in securities'] have indicated that regularity of participation is the primary indicia [*sic*] of being 'engaged in the business.'" *S.E.C. v. Kenton Capital, Ltd.*, 69 F. Supp. 2d 1, 12 (D.D.C. 1998) (internal citations omitted). The most important factor in determining whether an individual or entity is a broker or dealer is whether that individual or entity may be "characterized by a certain regularity of participation in securities transactions at key points in the chain distribution." *Martino*, 255 F. Supp. 2d at 283 (internal quotation marks and citations omitted).

Based on the allegations in the complaint, motion, and supporting documents, the Court concludes that the defendants can be characterized as broker-dealers and, as such, are governed by the Securities Act and the Exchange Act. In addition, based on the filings of record, the Court is satisfied that the plaintiff has made a *prima facie* showing that defendants have engaged in acts, practices, and transactions that constitute violations of sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and (c); sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(1), (a)(2), (a)(3); section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5; and section 15(a) of the Exchange Act, 15 U.S.C. § 77o(a). The Court likewise is satisfied that the plaintiff has shown that the defendants are likely to continue to violate these provisions of the federal securities laws. In addition, the Court finds that there is good cause at this point to believe that investor funds

will be dissipated, concealed or transferred from the jurisdiction of this Court, which could be subject to an order of disgorgement.

Furthermore, in addition to Rule 65, section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), and section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), authorize the Securities and Exchange Commission to bring an action for a permanent or preliminary injunction and temporary restraining order enjoining conduct that violates the provisions of the Securities and Exchange Acts, respectively. Section 20(b) of the Securities Act reads:

> Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this subchapter, or of any rule or regulation prescribed under authority thereof, the Commission may, in its discretion, bring an action in any district court of the United States, or United States court of any Territory, *to enjoin such acts or practices, and upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond.* The Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General who may, in his discretion, institute the necessary criminal proceedings under this subchapter. Any such criminal proceeding may be brought either in the district wherein the transmittal of the prospectus or security complained of begins, or in the district wherein such prospectus or security is received.

15 U.S.C. § 77t(b) (emphasis added).

Section 21(d) of the Exchange Act similarly reads:

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder . . . , it may in its discretion bring an action in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and *upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.* The Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of this chapter or the rules or regulations thereunder to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this chapter.

15 U.S.C. § 78u(d) (emphasis added).

The use of the word "shall" indicates Congress's clear preference for preliminary injunction relief, where a credible allegation of a violation is made. *See E.E.O.C. v. Anchor Hocking Corp.*, 666 F.2d 1037, 1041 n.4 (6th Cir. 1981). In fact, "the SEC is entitled to a preliminary injunction when it establishes . . . (1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *S.E.C. v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 (11th Cir. 1999) (citing *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 806-07 (2d Cir. 1975); *S.E.C. v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1100 (2d Cir. 1972)). Although the SEC need not prove risk of irreparable injury or unavailability of remedies at law, "[l]ike any litigant, the Commission should be obliged to make a more persuasive showing of its entitlement to a preliminary injunction the more onerous are the burdens of the injunction it seeks." *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1035, 1039 (2d Cir. 1990). The Court finds that the plaintiff has done so here with respect to its request for an order enjoining further activity by the defendants and the need to freeze assets. The balance of the relative harms favors the issuance of an injunction. And the public interest is served by an order that restrains the defendants from committing a public fraud.

The plaintiff has not shown, however, that it is entitled to its other requested relief, such as the appointment of receiver, absent a hearing at which the defendants would have an opportunity to be heard.

Accordingly, it is **ORDERED** that the plaintiff's emergency motion for a temporary restraining order, asset freeze, and other ancillary relief [dkt #4] is **GRANTED IN PART AND DENIED (without prejudice) IN PART**.

It is further **ORDERED** that defendants John J. Bravata, Richard J. Trabulsy, BBC Equities, LLC, and Bravata Financial Group, LLC, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from:

    A.    Violating section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

        1.    to employ any device, scheme, or artifice to defraud;
        2.    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
        3.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

    B.    Violating, directly or indirectly, section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) or Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

        1.    to employ any device, scheme, or artifice to defraud;
        2.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
        3.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

    C.    Violating sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), by, directly or indirectly, in the absence of any applicable exemption:

      1.      Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

      2.      Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

      3.      Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under section 8 of the Securities Act, 15 U.S.C. § 77h.

D.      Violating, directly or indirectly, section 15(a) of the Exchange Act, 15 U.S.C. § 77o(a), by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers acceptances, or commercial bills), without registering with the Commission as a broker or dealer.

It is further **ORDERED** that until further order of this Court, the following funds, accounts, and assets are **FROZEN** and may not be moved, spent, pledged, concealed, hypotheticated, or negotiated: all funds, accounts, and other assets (a) in which defendants John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC and Shari A. Bravata, or any of them, have an ownership interest; (b) that are held in the name of any of the said defendants; (c) or that are held for the benefit of any of the said defendants, including through corporations, trusts, partnerships, agents, nominees, friends or relatives.

It is further **ORDERED** that until further order of this Court, defendants John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC and Shari A. Bravata, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are **HEREBY RESTRAINED** from directly or indirectly transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as credit card debt), or otherwise disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, real property, personal property, vehicles, boats, contents of safe deposit boxes, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans) owned by, controlled by, held for the benefit of, or in the possession of defendants including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which any one or more of defendants have signatory authority or a beneficial interest.

It is further **ORDERED** that until further order of this Court, any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of defendants, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets, and

shall notify the Court and counsel for the plaintiff of the existence, nature, and amount of any such funds or other assets.

It is further **ORDERED** that to effectuate the provisions of this Order, the plaintiff shall cause a copy of this Order to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail or by facsimile as if such service were personal service, in order to restrain and enjoin any such institution from disbursing funds or anything else of value, directly or indirectly, to or on behalf of defendants or any companies or persons or entities under their control.

It is further **ORDERED** that to facilitate this asset freeze, no later than **9:00 a.m. on Wednesday, July 29, 2009**, each defendant shall identify to the plaintiff all accounts, including bank accounts, brokerage accounts, retirement accounts, and/or trust accounts, in which that defendant has an ownership or beneficial interest.

It is further **ORDERED** that until further order of this Court, all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are **RESTRAINED** from:

    A.    Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting any of the assets frozen pursuant to this Order;

    B.    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of any other assets frozen by this Order, wherever situated; and

    C.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with or otherwise affecting any of, the defendants or any assets frozen by this Order.

It is further **ORDERED** that until further order of this Court, the defendants, their agents, servants, employees, attorneys, entities under their control, and those entities or persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are **TEMPORARILY RESTRAINED AND ENJOINED** from directly or indirectly destroying, mutilating, concealing, altering or disposing of in any manner, any papers, photographs, emails, films, recordings, memoranda, books, records, accounts, communications, and any retrievable information in computer storage, in their possession, custody or control, that refer or relate to the plaintiff's allegations set forth in the complaint, or refer or relate to BBC Equities LLC or Bravata Financial Group, LLC.  Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy."   In addition, the defendants are prohibited from facilitating or assisting the destruction, alteration or compromise of any evidence that is in the possession, custody, or control of third parties.

It is further **ORDERED** that this order expires at 11:59 p.m. on August 6, 2009.

It is further **ORDERED** that no bond is required.  *See* 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d).

It is further **ORDERED** that the parties shall appear at the Theodore Levin United States Courthouse, 231 W. Lafayette, Detroit, Michigan, Room 860, for a hearing on plaintiff's motion for

a preliminary injunction and appointment of a receiver [dkt # 4] on **Tuesday, August 4, 2009, at 10:00 a.m.** The parties, through counsel, are directed to meet and confer on or before **July 30, 2009**, for the purpose of discussing and narrowing the issues to be presented to the Court at the motion hearing. On or before the close of business day on **July 31, 2009**, each party shall submit to the Court and exchange among themselves a list of proposed witnesses and exhibits intended to be presented at the hearing together with a summary of each witness's testimony.

It is further **ORDERED** that the plaintiffs' attorney shall cause a copy of this order together with the other suit papers to be served personally upon the defendants on or before **July 29, 2009.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2009 at 5:17 p.m.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2009.

s/Lisa M. Ware
LISA M. WARE

---