UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  v.

JOHN J. BRAVATA, RICHARD J.         CIVIL ACTION No. 2:09-cv-12950
TRABULSY, ANTONIO BRAVATA, BBC
EQUITIES, LLC and BRAVATA                  Hon. David M. Lawson
FINANCIAL GROUP, LLC,                       Hon. Magistrate Judge Virginia M. Morgan

       Defendants,

  and

SHARI A. BRAVATA,

       Relief Defendant.
_____/

## JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT

By Order dated August 4, 2009 (Doc. No. 34), the Court required the parties to meet and confer regarding the scheduling of those matters addressed in Fed. R. Civ. Proc. 26(f), for purposes of scheduling and discovery in anticipation of the Court conducting an evidentiary hearing on Plaintiff's request for a preliminary injunction, appointment of a receiver and continuation of the asset freeze, all of which were entered by the Court on July 27, 2009 (Doc. No. 22) and continued in the form of the Court's August 4, 2009 Order.

Defendants, appearing by and through their respective counsel, have conferred with respect to the details of this Scheduling Conference Report ("Report") and exchanged their positions with the Plaintiff with respect to the following matters. Accordingly, this Report is

hereby submitted as a proposed Joint Rule 26(f) Scheduling Conference Report for the limited purpose of scheduling and preparation for the evidentiary hearing. With regard to such a hearing, the parties are in agreement on the following proposal:

1.     Response to Defendants' Filings. On August 11, 2009, the Defendants filed three briefs requesting, *inter alia*, certain carve-outs of the asset freeze previously ordered by the Court. (See Docket Nos. 40-42). Further, the Bravata Defendants' filing (Docket No. 42), additionally challenges the validity of the Temporary Restraining Order entered by the Court on July 27, 2009. The parties propose that the Commission be allowed to respond to these filings within 14 days, by August 25, 2009.

2.     Rule 26(a)(1) Initial Disclosures. The parties propose that they shall exchange Rule 26(a)(1) initial disclosures and documents, but limited to information and documents that the parties may use to support their claims and defenses at a preliminary injunction hearing, no later than 14 days after the filing of this Report. Those documents included in the Defendants' initial disclosures will be delivered or produced to the Plaintiff and all other Defendants, within that same time period.

3.     Depositions and Written Discovery. The Plaintiff and Defendants are in disagreement as to whether further discovery should take place in advance of the evidentiary hearing. The parties' respective positions are presented below:

Position of Plaintiff Commission in Support of Discovery: The Commission renews its motion for expedited discovery in advance of any evidentiary hearing, (See Docket No. 4), and proposes that such discovery commence immediately upon the exchange of the parties' Rule 21(a)(1) disclosures. Defendants' proposed witness list identifies, and their recent filings contain affidavits of, witnesses who the Commission would need the opportunity to

2

depose and request documents from in advance of any evidentiary hearing. Further, at the outset of this matter, the Commission was hopeful that the parties would be able to narrow the disputed issues, such that any hearing – to the extent one was needed – would relate to a few discrete areas. That has proven not to be the case. Rather, in their submission (Docket No. 42), the Bravata Defendants broadly challenge the Commission's entitlement to a preliminary injunction. While the Commission is certainly prepared to do so, such an evidentiary showing requires a broad range of expedited discovery, including depositions. Moreover, Defendants' filings reference documents which have not been produced to the Commission. Especially in light of Defendants' recent filings, expedited discovery, which is authorized by Federal Rules of Civil Procedure 30(a), 33(b), and 34(b), is warranted.

    <u>Position of Defendants in Opposition to Discovery</u>. All of the Defendants in this case oppose conducting depositions prior to the evidentiary hearing, due principally because the cost of conducting depositions on an expedited basis, at a time when the Court has not yet ruled on any pending motions requesting approval for the Defendants to access funds or other assets in order to retain counsel for their defense, remains pending. In short, counsel is hesitant to incur out-of-pocket deposition expenses until the Defendants are in a position to keep pace with legal fees and costs of the litigation.

 Secondarily, counsel anticipate that document discovery and preparation for an evidentiary hearing on an expedited basis will require substantial time and effort and scheduling, attending and preparing for depositions in parallel will add complications to scheduling. Lastly, most if not all witnesses listed for all parties in this case reside in or near the Detroit metropolitan area and will be subject to not only compelling their attendance at a

hearing, but should be readily available for counsel for any party to discuss their anticipated testimony prior to the hearing.

   4. <u>Disclosure of Proposed Witnesses for Evidentiary Hearing</u>.  As of the filing of this Report, the following are the names of witnesses that the parties may call as such at an evidentiary hearing along with an estimate of the amount of time needed for presentation of each witness' direct testimony.  The parties reserve the right to supplement the following names of witnesses based upon the initial disclosures made by the parties and any discovery conducted in advance of the evidentiary hearing.

**PLAINTIFF'S LIST OF WITNESSES**

| Witness Name | Anticipated Topic(s) of Testimony | Anticipated Length of Direct Examination |
|---|---|---|
| John J. Bravata | Representations made to investors; uses of investor funds; authentication of documents; finances of entity defendants; entity defendants' sales and compensation practices; compliance with injunction and asset freeze. | 60-90 minutes |
| Richard J. Trabulsy | Representations made to investors; uses of investor funds; authentication of documents; finances of entity defendants; entity defendants' sales and compensation practices; compliance with injunction and asset freeze. | 60-90 minutes |
| Antonio M. Bravata | Representations made to investors; uses of investor funds; authentication of documents; finances of entity defendants; entity defendants' sales and compensation practices; compliance with injunction and asset freeze. | 60-90 minutes |
| Shari A. Bravata | Uses of investor funds; compliance with injunction and asset freeze; other matters set forth in her declaration. | 20 minutes |

4

| Witness Name | Anticipated Topic(s) of Testimony | Anticipated Length of Direct Examination |
|---|---|---|
| Luz M. Aguilar | Defendants' sources and uses of funds; authentication of documents. | 45-60 minutes |
| Theresa Makowski | Representations made to investors; entity defendants' sales and compensation practices. | 30-45 minutes |
| Tracy J. Ostrander | Representations made to investors; entity defendants' sales and compensation practices. | 30-45 minutes |
| Aaron D. Simon | Representations made to investors; entity defendants' sales and compensation practices. | 30-45 minutes |
| Robert J. DeFauw | Representations made to investors. | 30-45 minutes |
| Diana Frye | Representations made to investors; defendants' sales practices; authentication of audio recordings. | 30-45 minutes |
| Kenneth Kruger | Representations made to investors. | 30-45 minutes |
| Patricia Philliben | Representations made to investors. | 30-45 minutes |
| Kendra Sparks | Representations made to investors. | 30-45 minutes |
| Joan Weiss | Representations made to investors. | 30-45 minutes |
| FRE 702 Witness (TBD) | Valuation of BBC Equities' real estate portfolio and other assets; accuracy of representations to investors when such representations were being made. | 45-60 minutes |

**DEFENDANTS' LIST OF WITNESSES**

| Witness Name | Anticipated Topic(s) of Testimony | Anticipated Length of Direct Examination |
|---|---|---|
| Melissa Traver | CFO for Bravata Financial Group, LLC. | 30 minutes |

5

| | | |
|---|---|---|
| | She will testify concerning the duties she had at BBC and BFG; the manner that the financial books and records were kept during the relevant time period and that no one from the SEC ever spoke to her prior to the present action being filed. | |
| Bruce Coleman | Compliance Officer for Bravata Financial Group, LLC. Hired in March 2009, Mr. Coleman was only just beginning to handle compliance matters for BFG, which included the recent approval of the firm by the SEC of its application to become a registered investment advisor, which was approved; policies and procedures in the firm on the offering process and related matters. | 30 minutes |
| John Sellers, Esq. | Former General Counsel for Bravata Financial Group, LLC and BBC Equities, LLC. Mr. Sellers formerly was a partner in the law firm retained by BBC and BFG for legal services related to the drafting of all offering materials for BBC, including the February 7, 2007 "PPM" and subscription documents associated therewith. Mr. Sellers left his firm to come in house in that same capacity with BBC and BFG and functioned as their in house securities counsel until June 2009. | 60 minutes |
| Roman Kuzma | Business associate of John J. Bravata and co-investor in two real estate projects pre-dating BBC Equities, LLC. He will testify to the facts set forth in his Sworn Statement filed with Defendants' papers on August 11, 2009 and will dispute several of the factual inaccuracies contained in the SEC's Complaint regarding his participation in BBC and the time frame of his investments. | 30 minutes |
| Dylite Adams | investor in BBC Equities, LLC and grandmother of Antonio M. Bravata. Ms. Adams will testify essentially to the facts stated in her Affidavit on file in this case, plus the hardships she has recently sustained | 30 minutes |

6

| | | |
|---|---|---|
| | as a result of her bank account being frozen in the Court's asset freeze. | |
| Lily Trabulsy | Investor in BBC Equities, LLC and grandmother of Richard J. Trabulsy. If necessary, Ms. Trabulsy will testify as to her willingness to extend as collateral an interest in her home as stated in her Affidavit attached to Richard Trabulsy's Petition for Limited Release of Frozen Assets Allowing Him to Borrow Money Against His Life Insurance Policy to Pay Legal Expenses (Docket No. 41). Ms. Trabulsy may also testify regarding her frozen bank account. | 20 minutes |

5.  **Appointment of a Receiver.**  Defendants maintain that the filing of the Plaintiff's civil enforcement action has irreparably impacted BBC Equities, LLC and Bravata Financial Group, LLC as going concerns. In light of the already pending civil litigation brought against some of the Defendants primarily by lenders and vendors, Defendants are prepared to consent to the appointment of a receiver if: (i) the receivership covers only the two corporate Defendants and not the individual Defendants; (ii) the scope of the receivership and duties of the receiver are satisfactory to the Defendants; and (iii) the text of the order appointing a receiver is acceptable in form and substance to counsel for the Defendants. Concerning (i), Plaintiff agrees with Defendants' proposal to limit the scope of the receivership to the two corporate Defendants. Plaintiff disagrees to the remaining two conditions asserted by Defendants – (ii) and (iii) – and renews its request for a receivership substantially in the form set forth in the proposed receivership order previously provided to the Court.

Dated this 12th day of August, 2009.

                                                Respectfully submitted,

/s/ Benjamin J. Hanauer
Benjamin J. Hanauer
James G. Lundy
Jonathan S. Polish
Attorneys for Plaintiff
Securities and Exchange SEC
175 West Jackson, Suite 900
Chicago, IL 60604
Telephone:  (312) 353-8642 (Hanauer)
Telephone:  (312) 353-0878 (Lundy)
Telephone:  (312) 353-6884 (Polish)
E-mail:  HanauerB@sec.gov
E-mail:  LundyJ@sec.gov
E-mail:  PolishJ@sec.gov

| s/ with consent of Michael J. Riordan | /s/  with consent of George B. Donnini |
|---|---|
| MICHAEL J. RIORDAN | George B. Donnini |
| Assistant United States Attorney | Attorney for BBC Equities, LLC and Bravata |
| 211 West Fort Street, Suite 2001 | Financial Group, LLC |
| Detroit, MI 48226 | Butzel Long, a professional corporation |
| Telephone: (313) 226-9602 | 150 West Jefferson Ave. |
| Facsimile: (313) 226-3800 | Detroit, MI 48226 |
| Email:  Michael.riordan@usdoj.gov | Telephone: (313) 225-7000 |
|  | E-mail: donnini@butzel.com |

| /s/ with consent of Gregory Bartko, Esq. | /s/ with consent of Gary Saretsky, Esq. |
|---|---|
| Law Office of Gregory Bartko, LLC | /s/ with consent of Jonathan M. Sterling, Esq. |
| Michigan Bar No. P30052 | SARETSKY HART MICHAELS & GOULD PC |
| Counsel for Bravata Defendants | 995 S. Eton |
| 3475 Lenox Road, Suite 400 | Birmingham, MI 48009 |
| Atlanta, GA 30326 | Counsel for Richard J. Trabulsy |
| Telephone: (404) 238-0550 | 248.502.3300 (phone) |
| Facsimile: (866) 342-4092 | 248.502.3301 (fax) |
| gbartko@securitieslawcounsel.com | JSterling@saretsky.com |

8

## **CERTIFICATE OF SERVICE**

      Benjamin J. Hanauer, an attorney, hereby certifies that on August 12, 2009, he caused the foregoing submission to be filed with the Clerk of Court using the CM/ECF system

                                                         s/ Benjamin J. Hanauer