UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

                Defendants.
_____/

Case No. 09-12950
Honorable David M. Lawson

## ORDER APPOINTING RECEIVER

On July 26, 2009, the Securities and Exchange Commission filed a complaint and emergency motion for temporary restraining order to freeze the defendants' assets and for appointment of a receiver. The plaintiff alleges that the defendants – except defendant Shari Bravata – had engineered and executed a scheme to defraud investors in violation of several provision of the Securities Act of 1933, the Securities Exchange Act of 1934, and various regulations promulgated under that legislation. The Court entered a temporary restraining order and continued the order with the consent of the parties at a hearing on August 4, 2009 as an order of preliminary injunction. Although the plaintiff anticipated a stipulation for the appointment of a receiver at the August 4, 2009 hearing, none was forthcoming. Since that time, the parties have reached an agreement that a receiver should be appointed now to handle limited operational and business matters, subject to modification of the scope of the receiver's duties and responsibilities following an evidentiary

hearing. The Court agrees that there is a need to appoint a receiver to discharge the duties and responsibilities set forth in this Order.

Accordingly, it is **ORDERED** that Earle I. Erman, Esquire, of the law firm of Erman, Teicher, Miller, Zucker & Freedman, P.C., 400 Galleria Officentre, Suite 444, Southfield, Michigan 48034, is appointed **AS RECEIVER** of BBC Equities, LLC and Bravata Financial Group, LLC ("Receivership Entities") to serve according to the terms of this Order and until further order of the Court. The Receiver shall have the powers, duties, obligations, privileges, and responsibilities set forth below:

1. The Receiver shall marshal and preserve all assets of the Receivership Entities.

2. By agreement of the parties, the Receiver is hereby appointed to serve without bond as receiver for the Receivership Entities.

**General Powers and Duties of Receiver**

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles, or entity operating agreements in addition to all powers and authority of a Receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Federal Rule of Civil Procedure 66.

4. The powers of any general partners, directors, and managers of the Receivership Entities are hereby suspended as of the date hereof. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver or by further order of the Court. The Receiver shall

assume and control the operation of the Receivership Entities and shall pursue and preserve all of their claims. Further, the Receiver shall have full authority to dismiss or retain the employment of the trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Entities.

5. Absent authorization from the Receiver, no person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

6. Subject to the specific provisions of this Order, the Receiver shall have the following general powers and duties:

> A. To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");
>
> B. To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;
>
> C. To manage, control, operate, and maintain the Receivership Entities and hold in the Receiver's possession, custody, and control all Receivership Property, pending further Order of this Court;
>
> D. To use Receivership Property for the benefit of the Receivership Entities, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging the Receiver's duties as Receiver;
>
> E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Entities;
>
> F. Upon prior approval of the Court, to engage and employ persons in the Receiver's discretion to assist him in carrying out the Receiver's duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered

representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, and auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. To take such other action as may be approved by this Court in advance.

## **Access to Information**

7. The individual defendants in this action ("Individual Defendants") and the past and present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Entities, as well as those acting in their place, are hereby **ORDERED AND DIRECTED** to preserve and turn over to the Receiver, upon reasonable request, all paper and electronic information of, or relating to, the Receivership Entities or all Receivership Property or both; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers. The Receiver shall have access to the business premises of the Receivership Entities at 3000 Town Center, Suite 1700, Southfield Michigan 48075 for the purpose of exercising his duties and responsibilities as Receiver.

8. The Individual Defendants, and the Receivership Entities' past and present officers, directors, agents, managers, shareholders, employees, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer all questions and inquiries that the Receiver may put to them with respect to the business and operations of the Receivership Entities, and any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

9. The Individual Defendants shall use their best efforts to comply with the Receiver's requests and to assist the Receiver in fulfilling the Receiver's duties and obligations as regards the Receivership Entities.

### Access to Books, Records and Accounts

10. The Receiver is authorized to take immediate possession of all assets, bank accounts and other financial accounts, books and records, and all other documents and instruments relating to the Receivership Entities. All persons and entities receiving a true copy of this Order and having control, custody, or possession of any Receivership Property are hereby **ORDERED AND DIRECTED** to turn such property over to the Receiver.

11. The Receivership Entities, and their agents, servants, employees, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities and which is identified as such by the Receiver, are hereby **ORDERED AND DIRECTED** to deliver the same to the Receiver, or the Receiver's authorized agents or employees.

12. All banks, brokerage firms, financial institutions, and other persons or entities that have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Entities that receive actual notice of this Order by personal service, facsimile transmission, or otherwise are **ORDERED AND DIRECTED** to:

> A. Refrain from liquidating, transferring, selling, conveying, or otherwise transferring any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B.  Refrain from exercising any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refusing to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.  Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the parties to this action, a notarized statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.  Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### Access to Real and Personal Property

13. The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other physical and electronic storage media or device, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

14. The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures.

15. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than the Receiver himself or law enforcement officials acting within the course and scope of their official duties, are prohibited from intentionally: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, altering, concealing, or

erasing any information, documents, or data on such premises, unless such person has the express written permission of the Receiver.

16. The Receiver is authorized to change door locks to all premises of the Receivership Entities. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

17. Upon the request of the Receiver, the United States Marshal Service in any judicial district is hereby **ORDERED** to assist the Receiver in carrying out the Receiver's duties to take possession, custody and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Entities. Such authority shall not extend to taking possession, custody, or control of any property, assets, records, or other personal belongings of the Individual Defendants without further order of this Court.

## Notice to Third Parties

18. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

19. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Entities shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Entities had received such

payment. It shall be the Receiver's obligation to so notify all persons and entities owing obligations, debts or distributions to the Receivership Entities.

20. In furtherance of the Receiver's responsibilities in this matter, the Receiver is authorized to communicate with, and serve this Order upon, any person, entity, or government office that the Receiver deems appropriate to inform them of the status of this matter or the financial condition of the Receivership Entities. All government offices that maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver.

21. The Receiver is authorized to instruct the United States Postmaster to hold or re-route mail that is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any Individual Defendant, any mail appearing to contain privileged information, and any mail not falling within the mandate of the Receiver, shall remain unopened, and the Receiver shall release to the named addressee or his or her legal counsel if he or she is party to this action. The Receiver is authorized to open all other mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all Receiver's Mail opened prior to the entry of this Order to determine whether items or information therein fall within the mandates of this Order. The foregoing instructions shall apply to any proprietor, whether individual or entity,

of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the United States Mail, a private mail depository, or courier service.

22.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

23.     The Receiver is authorized to assert, prosecute, and negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Entities, or their officers, directors, agents, employees, or trustees, and to take any and all appropriate steps in connection with such policies.

### Injunction Against Interference with Receiver

24.     The Receivership Entities and all persons receiving notice of this Order by personal service, facsimile, or otherwise, are hereby **RESTRAINED AND ENJOINED** from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, that would:

>   A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

>   B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of the Receiver's duties; such prohibited actions include but are not limited to, concealing, destroying, or altering records or information;

C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Entities.

25. The Receivership Entities must cooperate with and assist the Receiver in the performance of the Receiver's duties.

26. The Receiver shall promptly notify the Court and all counsel having appeared in this action of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## Stay of Litigation

27. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Security and Exchange Commission related to the present enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, and other actions of any nature involving: (a) the Receiver, in the Receiver's capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

28. The parties to any and all Ancillary Proceedings are **RESTRAINED AND ENJOINED** from commencing or continuing any such legal proceeding, or from taking any action,

in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

29. All Ancillary Proceedings are stayed in their entirety. All any applicable statutes of limitation are tolled as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## Managing Assets

30. For each of the Receivership Entities, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

31. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Bravata Financial Group, LLC" or "Receiver's Account, Estate of BBC Equities, LLC," and so forth for each Receivership Entity, together with the name of the action.

32. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

33. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

34. The Receiver is authorized to take all actions to manage, maintain, and wind-down business operations of the Receivership Entities, including making legally required payments to

creditors, to or for the benefit of employees, and agents of the Receivership Entities and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

## Liability of Receiver

35.     By consent of the parties, until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's fiduciary obligations in this matter.

36.     The Receiver and the Receiver's agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and orders of this Court and shall not be liable to anyone for their good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

37.     This Court shall maintain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

38.     The Receiver may not resign without first giving written notice fourteen days in advance to the Court and counsel of record having appeared in this action.  The resignation shall not be effective until the Court appoints a successor, and subject to any conditions established by the Court.

## Recommendations and Reports

39.     No later than October 1, 2009, which is the date the Court has scheduled an evidentiary hearing in this matter, the Receiver shall file and serve an interim report and accounting for each Receivership Entity (the "Interim Status Report"), reflecting to the best of the Receiver's knowledge as of the period covered by the report the existence, value, and location of all Receivership Property, and the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Entities.

40.     The Interim Status Report shall contain the following:

A.  A summary of the operations of the Receiver;

B.  The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.  A schedule of all the Receiver's receipts and disbursements (attached as an exhibit to the Interim Status Report);

D.  A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.  A description of liquidated and un-liquidated claims held by the Receivership Entities, including the need for forensic or other investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.  A list of all known creditors with their addresses and the amounts of their claims;

G.  The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.  The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

**Fees, Expenses and Accountings**

41.     Subject to Paragraphs 43 through 48 below, the Receiver need not obtain court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the

administration and operation of the receivership. Prior court approval is not required for payments of applicable federal, state or local taxes.

42. Subject to Paragraph 43 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Court hereby authorizes attorneys, paralegals, and employees of the law firm of Bodman LLP (with F. Thomas Lewand, Esquire as the primary responsible partner) to assist the Receiver in carrying out the duties and responsibilities described in this Order, as deemed necessary by the Receiver. Further Retained Personnel may be retained by the Receiver with leave of this Court.

43. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Entities as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver and Retained Personnel. Such compensation may not be paid without the prior approval of the Court.

44. As hereinafter determined by the Court, the Receiver and Retained Personnel must apply to the Court for compensation and expense reimbursement from the Receivership Entities (the "Receiver's Fee Applications"). Simultaneously with filing any Receiver's Fee Application with the Court, the Receiver will serve upon counsel for the parties having appeared in this action a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff. It is the Court's intention to schedule a hearing to approve a fee application no sooner that twenty-one days after service of the application.

45. All Receiver's Fee Applications will be interim and will be subject to cost-benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

46. Receiver's Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

47. The Receiver's Fee Application must:

A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Entities; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Entities, or any sharing thereof.

48. At the close of the Receivership, the Receiver shall submit a Final Accounting (in a format to be provided by Security and Exchange Commission staff) and the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED.**

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: September 2, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2009.

                                        s/Lisa M. Ware
                                        LISA M. WARE