UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

                Defendants.
_____/

Case No. 09-12950
Honorable David M. Lawson

## ORDER DENYING BRAVATA DEFENDANTS' MOTION FOR RECONSIDERATION

On September 4, 2009, the Bravata defendants filed a motion for reconsideration of the Court's August 21, 20009 order that, among other things, denied the Bravata defendants' requests to unfreeze the assets and invited the defendants to renew their requests at the hearing on the plaintiff's motion for a preliminary injunction and appointment of a receiver. In their motion for reconsideration, the Bravata defendants contend that in arriving at its decision, the Court failed to consider the declaration of John J. Bravata filed on August 12, 2009 in support of the Bravata defendants' requests for a carve-out from the asset freeze.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). Yet

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In the declaration cited by the Bravata defendants, John J. Bravata merely affirms that the factual information contained in the supplemental memorandum in support of the continuing request by the Bravata defendants for relief from the asset freeze is "true and accurate to the best of [Mr. Bravata's] knowledge and belief." *See* John J. Bravata Decl. ¶¶ 2-4 [dkt. # 43]. The Court already has considered the supplemental memorandum. The statements made in Bravata's declaration are not sufficient to establish conclusively facts in dispute. Instead, they presents only one version of the facts, and an evidentiary hearing remains to be necessary to resolve these factual issues. Therefore, the Bravata defendants have not established a palpable defect warranting reconsideration, and the Court will deny their motion.

Accordingly, it is **ORDERED** that the Bravata defendants' motion for reconsideration [dkt. # 56] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 11, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2009.

s/Lisa M. Ware  
LISA M. WARE