UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| v. | ) |
| Plaintiff, | ) ) |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO BRAVATA, BBC EQUITIES, LLC AND BRAVATA FINANCIAL GROUP, LLC | ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| SHARI A. BRAVATA, | ) ) |
| Relief Defendant. | ) |

CIVIL ACTION NO.: 2:09-cv-12950-DML-VMM

**RESPONSE BY DEFENDANT, JOHN J. BRAVATA
TO RECEIVER'S STATEMENT REGARDING
<u>MOTION FOR ORDER TO SHOW CAUSE</u>**

By filing dated September 25, 2009 [Doc. No. 71], the Receiver of BBC Equities, LLC and Bravata Financial Group, LLC ("BBC" and "BFG" respectively), filed a "Statement" which purports to seek affirmative relief from

the Court in the capacity of Receiver. Although the Statement is couched as a response or statement addressing the SEC's Motion for Order to Show Cause, the Receiver clearly seeks affirmative relief (See Doc. No. 71, Page 5). Solely on a procedural basis, it is improper for the Receiver to file a request for affirmative relief some six days prior to the date scheduled for a show cause hearing, seeking affirmative relief that clearly impacts Mr. Bravata's property rights, without filing such request in the form of a motion supported by a memorandum as required by Local Rule 7.1. In an abundance of caution, Mr. Bravata hereby files this short, summary response in opposition to the Receiver's request for relief — prior to the hearing scheduled before this Court on October 1, 2009 at 8:30 a.m.

    Not only is the Receiver's request for relief procedurally improper, but Mr. Bravata has had little time to formulate this opposition thereto, nor has he had adequate notice within which to prepare and file a more formal response allowable under the Court's Local Rules. On this basis alone, the Receiver's Statement should be stricken and/or the relief sought denied.

    The Receiver's Statement includes a number of factual statements, none of which are supported by any sworn declaration or affidavits. Moreover, there are

several misstatements contained in the Receiver's Statement that, unless presented properly to the Court, may go unchecked. By way of example.

The Statement concludes that Mr. Bravata <u>has admitted</u> that he violated the Asset Freeze. (Receiver's Statement, ¶¶ 5, 9). This is not correct. Mr. Bravata has admitted securing a Life Insurance Loan, all under the circumstances described in his Response to Order to Show Cause [Doc. No. 70] filed with the Court on September 24, 2009. This is not synonymous with admitting the violation of the Asset Freeze, which Mr. Bravata has not done.

The Receiver's Statement quite correctly acknowledges that his charge relates to the marshaling and management of "Receivership Assets," specifically defined as ONLY assets held by BBC or BFG—not the personal assets of the individual Defendants. The Bravata Defendants understand and acknowledge the coverage of the Asset Freeze spans beyond assets held by the Receivership Entities, assuming such assets are causally connected to the alleged wrongful offering activities of BBC. Apparently, however, the Receiver has gained entry to a commercial building located at 11228 Lemon Road, Whitemore Lake, Michigan that has no connection to Receivership Assets, which entry could not have been with authority. Having identified personal property in storage, some of which

does not belong to Mr. Bravata and certainly does not belong to BBC or BFG—the Receiver seeks permission to sell the contents of the storage facility apparently in order to pay his fees. (Receiver's Statement, ¶ 16). With little if any verified facts to support the relief sought by the Receiver, permission is sought to take possession of the personal property referred to in the Receiver's Statement, sell it at a private sale with two days' advance notice given to Mr. Bravata's counsel via email. To boot, the Receiver requests a lien on this property to pay for costs of retaining the property even if it is determined that the property is not subject to the Asset Freeze or owned by the Defendants. The Receiver provides NO legal argument, authority or support for the "grabbing" of personal property and its subsequent disposition. The taking of one's property without Due Process of law is simply without precedent in this context.

    The personal property initially stored in the Whitemore Lake building for the most part does NOT belong to Mr. Bravata. Without notice and an opportunity to be heard, a receiver is not able to assume ownership of someone else's property. The Receiver here has limited authority between the date of his appointment and the upcoming evidentiary hearing and that authority does not include selling assets to garner cash to pay fees not yet requested or approved by

the Court. Some of the property placed at the Whitemore Lake building belongs to Mr. Bravata, but many of the belongings are those of his brother, his father-in-law, his mother and his son. With more time to respond to the Receiver's Statement, it will be shown that the monthly rent and the lease of the Whitemore Lake building was maintained by Mr. Bravata personally, without connection to BBC or BFG. There is no indication by the Receiver that the personal property in the commercial building is derived in any manner from the offering activity of the Receivership Entities. The facility is where Mr. Bravata stored family heirlooms, Christmas trees, Halloween decorations as well as some pieces of art and his hunting trophies. In the aggregate—these family belongings are worth very little to third-parties and everything to the owners. There is no ready market for this property.

The Receiver's Statement goes on to imply that located in the storage facility is the now famous Ferrari that Mr. Bravata contends is his sole and separate property untouched by the BBC offering proceeds. This is incorrect as well. The Ferrari vehicle placed in the storage building is titled to Anthony Bravata, has little if any equity value to it and of course is subject to the Court's Asset Freeze until further determinations can be made at the evidentiary hearing.

The Receiver's Statement attaches as an exhibit a form of spreadsheet which purports to establish that payments from the Receivership Entities were made on numerous occasions for life insurance premiums on policies that the Receiver suggests are the policies either that Mr. Bravata used to borrow against, as alleged by the SEC in its Motion for Order to Show Cause, or that the policies in question are in fact not separate and distinct assets owned by Mr. Bravata untainted by the alleged unlawful proceeds of the BBC offerings. Without adequate inquiry or foundation, the Receiver uses the premium payment spreadsheet as a means of convincing the Court that everything associated with Mr. Bravata is somehow connected to BBC. A more careful review of the payments reflected on the Receiver's exhibit belies this conclusion.

These assumptions are likewise flawed. Approximately 90% of the payments shown on the Receiver's exhibit show life insurance premium payments made to Minnesota Life, the issuer of the "buy-sell" policies owned by BBC, not by Mr. Bravata. Those payments are legitimately made by BBC as the policy owner. The premium payments shown on the exhibit to Lincoln National Life again are premiums paid on the life of Joanne Bravata, Mr. Bravata's mother—which is also owned by BBC. The few premium payments shown as

being made to new York Life were made on policies covering the life of one or two key employees of BFG, either John Sellers or Rod Fry. Again, the premium payments by BBC under those circumstances are not unusual or illegitimate in any manner. But, the most important point about these premium payments is that none of them relate to the two policies that Mr. Bravata already has indicated he borrowed from on August 10, 2009.

## SUMMARY

The Court has carved out two days later this month to hear testimony and examine evidentiary material targeted to the issues of whether or not a preliminary injunction should continue in this case. The Receiver seems interested in placing the cart before the horse by petitioning the Court, almost on an emergency basis, with little time for the Bravata Defendants to react. The prudent course is for the Court to either deny the requested affirmative relief sought in the Receiver's Statement or at a minimum, wait until the parties develop the factual record everyone is entitled to develop. Granting relief before that is simply unwarranted and would be based solely on the unsupported assumptions of the Receiver—who does not have any express authority to act

with respect to non-BBC or non-BFG assets and who has made a number of unsupported assumptions.

Dated this 30th day of September, 2009.

                                        Respectfully Submitted,

By: /s/ Gregory Bartko, Esq.
**Law Office of Gregory Bartko, LLC**
Gregory Bartko, Esq.
Michigan Bar No. P30052
*Counsel for Bravata Defendants*
3475 Lenox Road, Suite 400
Atlanta, GA 30326
Telephone: (404) 238-0550
Facsimile: (866) 342-4092
gbartko@securitieslawcounsel.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITIES AND EXCHANGE COMMISSION, )
)
)
v. )
)
Plaintiff, )
)
)
JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO BRAVATA, BBC EQUITIES, LLC AND BRAVATA FINANCIAL GROUP, LLC )
) CIVIL ACTION NO.: 2:09-cv-12950-DML-VMM
)
)
Defendants, )
)
and )
)
SHARI A. BRAVATA, )
)
Relief Defendant. )
)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing RES-PONSE BY DEFENDANT, JOHN J. BRAVATA, TO RECEIVER'S STATEMENT REGARDING MOTION FOR ORDER TO SHOW CAUSE was filed electronically

*"The Securities Regulation Law Firm"*
**3475 Lenox Road, Suite 400 ● Atlanta, GA 30326 ● Phone (404) 238-0550 ● Fax (866) 342-4092
Email: gbartko@securitieslawcounsel.com ● www.securitieslawcounsel.com**

9

this 30th day of September, 2009 with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing document is being served this day on all counsel of record and any *pro se* parties identified on the attached Service List via e-mail and U.S. mail, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or via U.S. mail to those parties that have formally appeared of record but are who are not authorized to receive electronic Notices of Electronic Filing.

                Respectfully Submitted,


            By: /s/ Gregory Bartko, Esq.
            Law Office of Gregory Bartko, LLC
            Gregory Bartko, Esq.
            *Counsel for Bravata Defendants*
            3475 Lenox Road, Suite 400
            Atlanta, GA 30326
            Telephone: (404) 238-0550