UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                              Case No. 09-12950

          Plaintiff,               Honorable David M. Lawson

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

          Defendants.

_____/

## ORDER OF CONTEMPT

On July 27, 2009, this Court entered an order restraining the defendants, including John J.

Bravata, from "directly or indirectly transferring, selling, encumbering, receiving, changing,

pledging, assigning, liquidating, incurring debt upon (such as credit card debt), or otherwise

disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, real

property, personal property, vehicles, boats, contents of safe deposit boxes, cash, securities, free

credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for

loans) owned by, controlled by, held for the benefit of, or in the possession of defendants." That

order was continued on August 4, 2009. On September 11, 2009, the plaintiff filed a motion asking

that defendant John Bravata be held in contempt because he borrowed over $37,000 against two of

his life insurance policies with New York Life Insurance Company, $36,062.27 for policy No.

6xxxx373 and $978 for policy No. 4xxxx171, which were the maximum loan amounts allowable

under the terms of the policies, in violations of the Court's orders. The Court issued its order on

September 14, 2009 requiring defendant John Bravata to show cause why he should not be held in contempt for violating the Court's orders.

Bravata filed a response to the show cause order admitting that he borrowed the funds but explaining that he needed the money for family support and challenging the validity of the Court's prior orders. Thereafter, the Court held a hearing in open court on October 1, 2009 at which Bravata testified and admitted the conduct in violation of the Court's orders. He testified that he used some of the money – approximately $4,500 – for asset preservation, that is, to pay a premium on an insurance policy on the life of his mother in the face amount of $1 million, which is owned by defendant BBC Equities, Inc. He said that he needed the other funds to pay for living expenses and to relocate his family to Florida. He also testified that friends and investors offered to loan him money, but for undeclared reasons he refused their offers and invaded the frozen assets instead.

It is quite clear that this Court has the authority to punish by contempt a violation of its orders. Congress has declared that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. The Court's show cause order was intended to invoke its power of civil contempt. "Both civil and criminal contempt proceedings may be brought under 18 U.S.C. § 401." *In re Jaques*, 761 F.2d 302, 305 (6th Cir. 1985). "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Vaughn v. City of Flint*, 752 F.2d 1160, 1166 (6th Cir. 1985) ("The power to punish for contempt is an inherent attribute of judicial office.").

A district court may find a person in civil contempt for failure to comply with the court's orders when a petitioner proves by clear and convincing evidence that the respondent violated the court's order. *See United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007); *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). The order must be "definite and specific." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). "Ambiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

In this case, the Court's orders of July 27 and August 4, 2009 were unmistakably clear and did not admit of any ambiguity. The defendant's motion papers and hearing testimony establish without doubt that he had the ability to comply with the order and failed to do so. The plaintiff, therefore, has satisfied its burden of proving a violation of the orders and that the defendant is in contempt of court.

The defendant's challenge to the validity of the orders is misplaced. As the Supreme Court has explained:

> "It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inclusive as to foster experimentation with disobedience."

*United States v. Rylander*, 460 U.S. 752, 756-57 (1983) (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948)); *see also Schlegel Mfg. Co. v. U.S.M. Corp.*, 525 F.2d 775 (6th Cir. 1975) (stating that an order of contempt does not open to relitigation the validity of a patent and noting that holding to the contrary "would be subversive, if not indeed wholly destructive, of the plenary power of the court to enforce its decrees, and to reopen questions of validity upon an appeal from a contempt order

would be to invite all defeated litigants in patent infringement suits to defy injunctional orders, and by such defiance to seek review of adjudicated issues not otherwise open to them") (quoting *Wadsworth Elec. Mfg. Co. v. Westinghouse Elec. & Mfg. Co.*, 71 F.2d 850, 851-52 (6th Cir. 1934)).

The Court is satisfied that the defendant willfully violated the Court's orders, and he has not stated a defense that justifies his conduct.

Accordingly, it is **ORDERED** that the defendant, John J. Bravata, is in **CONTEMPT** of this Court's orders of July 27, 2009 and August 4, 2009.

It is further **ORDERED** that the plaintiff's motion for an order to hold the defendant  in contempt of court [dkt. # 63] is **GRANTED**.

It is further **ORDERED** that the defendant may purge the contempt by paying to the Receiver appointed by this Court, Earle I. Erman, **on or before noon on Thursday, October 8, 2009**, the full amount of the sums borrowed against New York Life Insurance Company policy No. 6xxxx373 and policy No. 4xxxx171, less any sum used to preserve the asset of BBC Equities, Inc. consisting of the insurance policy on the life of Bravata's mother, provided that defendant Bravata furnishes verification to the satisfaction of the Receiver that the premium was indeed paid in the amount claimed.

It is further **ORDERED** that defendant John J. Bravata shall not leave the Eastern District of Michigan until the contempt has been purged.

It is further **ORDERED** that, in the event defendant John J. Bravata fails to repay the above sum by noon on October 8, 2009, he must report to the United States Marshal Control Center on the first floor of the Theodore Levin United States District Court Building at 231 W. Lafayette Boulevard, Detroit, Michigan, **by noon on Thursday, October 8, 2009**, where he shall be remanded

to the custody of the United States Marshal and there he shall remain until he purges the contempt

or until further order of this Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 5, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on October 5, 2009.

s/Susan Pinkowski
SUSAN PINKOWSKI