UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. BRAVATA, *et al.*<br><br>Defendants.<br>_____ | Case No. 2:09-CV-12950<br><br>Honorable David M. Lawson |

**MOTION FOR LIMITED RELIEF FROM ORDER FREEZING ASSETS TO EXCLUDE PROPERTY LOCATED AT 26868 HICKORY BLVD., BONITA SPRINGS, FLORIDA**

NOW COMES West Wind of Barefoot Beach, LLC, ("West Wind"), which is not a party to this action but which is the owner of the property located at 26868 Hickory Blvd., Bonita Springs, Florida (the "Property"), and hereby files this motion for limited relief from this Court's Order freezing assets solely to exclude the Property. The affidavit of Judith G. Thompson, sole managing member of West Wind, is attached (with exhibits), and supports this Motion. None of the Defendants has any interest in West Wind, and none of the Defendants has any interest in the Property, except for the tenancy rights of Defendant John J. Bravata pursuant to a certain lease. Defendant Bravata is now in breach of that lease and, since he has no other interest in the Property, West Wind submits that the Property should be released from this Court's Order

freezing assets so that West Wind can regain possession of the Property and thus, ensure its care. West Wind acknowledges and agrees that it will not seek any damages from Defendant Bravata in connection with the Lease or the Property, until either the Order freezing assets is dissolved or this Court otherwise permits. A brief in support of the motion, pursuant to Local Rule 7.1, follows.

Pursuant to Local Rule 7.1(a), the undersigned counsel contacted the Plaintiff SEC and there was a conference at which the undersigned was able to explain the nature of the motion and the legal basis, and to inquire whether Plaintiff could concur in the motion, but the Plaintiff indicated that it was not in a position to concur.

    Respectfully submitted,

/s/ *Patricia B. Fugée*
Patricia B. Fugée (P60669)
Roetzel & Andress
One SeaGate, Suite 1700
Toledo, Ohio 46304
Telephone: (419) 242-7985
Fax:    (419) 242-0316
Email: pfugee@ralaw.com
Attorneys for West Wind of Barefoot Beach, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN J. BRAVATA, *et al.*<br><br>Defendants.<br>_____ | Case No. 09-12950<br><br>Honorable David M. Lawson |

**BRIEF IN SUPPORT OF MOTION FOR LIMITED RELIEF FROM ORDER FREEZING ASSETS TO EXCLUDE PROPERTY LOCATED AT 26868 HICKORY BLVD., BONITA SPRINGS, FLORIDA**

I.     ISSUE PRESENTED:  Whether property in which none of the Defendants has any interest or equity, other than Defendant Bravata's tenancy interest under a lease as to which he is in breach, should be released from this Court's Order freezing assets, so that the owner thereof can pursue its state law rights to obtain possession of the Property.

II.     CONTROLLING AUTHORITY:  There does not appear to be controlling legal authority for the relief sought, which is instead dependent upon the determination of facts and an assessment of whether the equitable relief sought is warranted under the circumstances.

III.     FACTS AND BACKGROUND

West Wind of Barefoot Beach, LLC ("West Wind") is, as is more fully set forth in the attached affidavit of Judith G. Thompson, a Florida limited liability company that is the owner of the property located at 26868 Hickory Blvd., Bonita Springs, Florida (the "Property"). Prior to January 18, 2008, Ms. Thompson and her husband, individually, owned the Property, and on that date, they sold it to Defendant BBC Holdings 9, LLC ("BBC 9"). To finance the purchase, the

Thompsons agreed to loan the sum of Four Million, One Hundred and Twenty Five Thousand Dollars ($4,125,000.00) to BBC 9 and to secure the loan, BBC 9 granted the Thompsons a mortgage on the Property. The loan was guaranteed by Defendant BBC Equities, LLC ("BBC Equities"). Subsequently, the Thompsons assigned the promissory note, the mortgage, the guaranty and all of their related rights to West Wind. Neither BBC 9, BBC Equities, nor anyone else obtained any benefit as a result of that assignment. In addition, neither BBC 9, BBC Equities nor John J. Bravata, or any of the other named defendants in this case, have any membership or other interest in West Wind.

BBC 9 and BBC Equities defaulted on their obligations to West Wind under the promissory note, mortgage, guaranty and related documents. West Wind ultimately settled its claims against them, pursuant to which title to the Property was transferred, via Warranty Deed in Lieu of Foreclosure, to West Wind on June 25, 2009. West Wind did not pay any money to BBC 9 or BBC Equities in connection with the Warranty Deed in Lieu of Foreclosure, or to any of the other defendants in this action.

As a result of the Warranty Deed in Lieu of Foreclosure, West Wind is now the sole owner of the Property. Neither BBC 9 nor BBC Equities has any equity, ownership or other interest in the Property, except for a certain lease. Specifically, West Wind entered into a Residential Lease dated June 25, 2009 with respect to the Property (the "Lease"), as to which Defendant John J. Bravata ("Bravata") is the tenant. Pursuant to the Lease, Bravata is in possession of the Property, and he has a right, under certain conditions, to purchase the Property.

However, Bravata has failed to make the payments due under the Lease and therefore, is in breach of its terms. West Wind would like to pursue its state law remedies, in Florida, to regain possession of the Property. The Property is very valuable, and West Wind is concerned about the ongoing care and maintenance of the Property. Given the circumstances of this case,

however, West Wind is not presently seeking permission from this Court to pursue Bravata for any money damages under the Lease or with respect to the Property.

Any effort by West Wind to cancel or terminate the Lease is prohibited by reason of the Orders of this Court dated July 27, 2009 [docket no. 22] and August 4, 2009 [docket no. 34] (together, the "Order Freezing Assets"). In particular, the July 27, 2009 Order provides, in relevant part, that all "creditors, and other persons… are RESTRAINED from: … C. Attempting to … cancel … any lease … with .. any of the defendants." The August 4, 2009 Order provides in relevant part that "the July 27, 2009 temporary restraining order is CONTINUED as a preliminary injunction until further order of the Court." Thus, West Wind is not permitted to pursue its state law remedies with respect to the Lease and the Property. West Wind respectfully requests the entry of an Order modifying this Court's Order Freezing Assets, so as to permit it to pursue its state law remedies to regain possession of the Property.

IV.    LEGAL ARGUMENT

West Wind submits that the purposes served by the Order Freezing Assets are not served by continuing the asset freeze with respect to the Property. According to its brief (docket no. 4), the SEC sought and obtained the asset freeze in order to effectuate the purposes of the federal securities laws and to ensure that wrongdoers do not profit from their unlawful conduct. As is more fully set forth in the affidavit of West Winds' sole managing member, none of the Defendants has any equity or interest in either West Wind or the Property. Instead, only Defendant Bravata has an interest in the Property, and that interest is limited to his rights under the Lease. And, since he is in breach of the Lease, his rights are limited to bare possession at this point. Modifying the Order Freezing Assets to permit West Wind to regain possession of the Property will thus provide the Defendants with no profit from their alleged conduct, nor will it

5

preserve any asset for the benefit of the alleged victims, since a bare possessory interest under a lease in breach has no value for such victims.

While research has not revealed any cases exactly on point, this situation is analogous to that in *Securities and Exchange Commission v. Lauer*, 2006 WL 2660752 (S.D. Fla 2006).[1] In that case, the United States (on behalf of the IRS) and Mizuho Corporate Bank, both[2] of which held liens on the Defendant's home, sought modification of that Court's freeze order, which is similar to the order issued by this Court. The Court reviewed the facts of the situation, finding that the real property at issue was acquired prior to the alleged fraudulent conduct, and so was not acquired with the allegedly ill-gotten gains. Moreover, none of the parties had any interest in the property that was superior to that of either the IRS or Mizuho. With the proviso that any proceeds in excess of sums required to satisfy the liens be preserved, the Court granted the relief sought, thereby permitting the IRS and Mizuho to initiate a foreclosure proceeding.

The analysis before this Court is similar. None of the Defendants has any interest in West Wind or the Property that could be the product of their alleged conduct, so there is no interest to be protected for the benefit of the alleged victims. Rather, the sole interest of any party is that of Defendant Bravata, whose interest is limited to bare possession pursuant to a lease that is in breach. In contrast, West Wind is the sole owner of valuable property, which requires ongoing care and maintenance, which Defendant Bravata is not in a position to provide. Accordingly, West Wind submits that it has a compelling reason for the relief sought.

---

[1] A copy of this decision is attached hereto as Exhibit B.
[2] Both creditors sought to intervene in the action for the limited purpose of seeking the relief from the asset freeze, but the Court found that the motions were procedurally defective and, more importantly, unnecessary given the limited nature of the relief sought. For the latter reason, West Wind has not sought intervention in the action before this Court, only the limited relief requested herein. If, however, this Court finds that intervention is necessary to obtain the relief sought, West Wind will do so.

V.     CONCLUSION

West Wind respectfully requests that this Court modify the Order Freezing Assets so as to permit it to exercise its state law remedies and regain possession of the Property.  West Wind is not asking for permission at the present time to seek money damages from Defendant Bravata with respect to either the Lease or the Property.  A copy of the proposed order that has been submitted to the Court via the electronic filing system is attached hereto as Exhibit C.

    Respectfully submitted,

/s/ *Patricia B. Fugée*
Patricia B. Fugée (P60669)
Roetzel & Andress
One SeaGate, Suite 1700
Toledo, Ohio 46304
Telephone: (419) 242-7985
Fax:         (419) 242-0316
Email: pfugee@ralaw.com
Attorney for West Wind of Barefoot Beach, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 6th, 2009, I electronically filed the foregoing motion (with exhibits) with the Clerk of the Court using the ECF system, which will send notification via e-mail of such filing to the following:

Earle I. Erman, Esq., Receiver for BBC Equities, LLC and Bravata Financial Group, LLC at eerman@ermanteicher.com
Alan N. Harris, Esq., for Earle I. Erman, Receiver for BBC Equities, LLC and Bravata Financial Group, LLC at aharris@bodmanllp.com
F. Thomas Lewand, Esq., for Earle I. Erman, Receiver for BBC Equities, LLC and Bravata Financial Group, LLC at tlewand@bodmanllp.com
Jane D. Quasarano, Esq., for Earle I. Erman, Receiver for BBC Equities, LLC and Bravata Financial Group, LLC at jquasarano@bodmanllp.com
Benjamin J. Hanauer, Esq., SEC, at hanauerb@sec.gov
James G. Lundy, Esq., SEC, at lundyj@sec.gov
Jonathan S. Polish, Esq., SEC, at polishj@sec.gov
Michael J. Riordan, Esq., U.S. Attorney, at michael.riordan@usdoj.gov
Gregory Bartko, Esq., for Defendants John J. Bravata, Shari A. Bravata, and Antonio M. Bravata, at gbartko@securitieslawcounsel.com
Gary M. Saretsky, Esq., for Defendant Richard J. Trabulsy, at gsaretsky@saretsky.com
Jonathan M. Sterling, Esq., for Defendant Richard J. Trabulsy, at jsterling@saretsky.com
Miles D. Hart, Esq., for Defendant Richard J. Trabulsy, at mhart@saretsky.com
George B. Donnini, Esq., for Defendants BBC Equities, LLC and Bravata Financial Group, LLC, at donnini@butzel.com
Joseph E. Richotte, Esq., for Defendants BBC Equities, LLC and Bravata Financial Group, LLC, at richotte@butzel.com

/s/ *Patricia B. Fugée*
Patricia B. Fugée (P60669)
Roetzel & Andress
One SeaGate, Suite 1700
Toledo, Ohio 46304
Telephone: (419) 242-7985
Fax:         (419) 242-0316
Email: pfugee@ralaw.com
Attorney for West Wind of Barefoot Beach, LLC

142180.114002.0005