UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U.S. SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO BRAVATA, BBC    CIVIL ACTION No. 2:09-cv-12950
EQUITIES, LLC and BRAVATA
FINANCIAL GROUP, LLC,    Hon. David M. Lawson
    Hon. Magistrate Judge Virginia M. Morgan
       Defendants,
  and

SHARI A. BRAVATA,

       Relief Defendant.
                                          /

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S
REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO PRECLUDE
BRAVATA DEFENDANTS FROM CALLING PLAINTIFF'S TRIAL COUNSEL AS
WITNESS AT PRELIMINARY INJUNCTION HEARING AND FOR OTHER RELIEF**

On September 15, 2009, the SEC filed the present motion to preclude the Bravata Defendants from calling SEC attorney Benjamin Hanauer as a witness at the preliminary injunction hearing now scheduled for October 21. (Docket No. 65). The SEC's motion is grounded on the bedrock principle that opposing counsel should not be compelled to testify in the absence of extraordinary circumstances, which simply are not present in this case.

Before calling Mr. Hanauer to testify, the Bravata Defendants must establish: (1) that no other means exist to obtain the information elicited from such testimony; (2) that the information sought is relevant and not privileged; and (3) that the information is crucial to the preliminary injunction hearing. *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 278 F.3d 621, 628

(6th Cir. 2001) (affirming denial of attempts to depose arbitration panel); *Iron Workers Local No.25 Pension Fund v. Watson Wyatt & Co.,* No. 04-40243, 2006 WL 1156723 (E.D. Mich. May 1, 2006) (affirming magistrate judge's denial of motion to compel deposition of counsel).

The Bravata Defendants have failed to establish any of these factors. First, Mr. Hanauer's testimony is not necessary as to his interviews with several investors of BBC Equities, LLC ("BBC Equities"), because other witnesses are available to provide testimony regarding the circumstances of these interviews, such as the interviewees themselves and Ms. Luz Aguilar, an SEC Accountant. Ms. Aguilar participated in these interviews, along with Mr. Hanauer, and will be testifying at the evidentiary hearing and will be available to be cross-examined by opposing counsel. Second, the Bravata Defendants' repeated claims that the information that they seek from Mr. Hanauer is not privileged does not make it so. Rather, they acknowledge in the memorandum in opposition that what they seek from Mr. Hanauer constitutes his attorney work product. Exhibit A to their filing states that the Bravata Defendants will seek to elicit from Mr. Hanauer information regarding his "knowledge of the events, discussions, and procedures." (Docket No. 76-2, p. 3). Such information specifically falls within the purview of Mr. Hanauer's impressions and strategies as one of the attorneys for the SEC and must be protected pursuant to the attorney work product doctrine.

Lastly, Mr. Hanauer's testimony is not crucial to the preliminary injunction hearing. The Bravata Defendants have focused their argument that Mr. Hanauer's testimony is necessary because of its relevance to the issue of whether the TRO/Asset Freeze entered at the outset of this case was "improvidently granted" based on its purported *ex parte* nature and other alleged conduct by the SEC in filing this lawsuit and requesting the TRO/Asst Freeze, among other reasons. (Docket No. 76 at 4-5).

The Bravata Defendants' present challenge to the propriety of the TRO/Asset Freeze is not new, as they raised the issue with the Court in no less than four previous filings. (See Docket Nos. 42, 45, 52, 70). The Bravata Defendants' most detailed objection to the validity of the TRO/Asset Freeze is outlined John Bravata's response to the Order to Show Cause (Docket No. 70), which devotes over 10 pages to arguing that John Bravata should not be held in contempt because of the SEC's alleged impropriety in obtaining the TRO/Asset Freeze.

On October 1, 2009, the Court heard oral argument on the Show Cause Order. At that hearing, counsel for the Bravata Defendants made this concession regarding the TRO/Asset Freeze: "There is no question there is a valid order." (See Ex. A, attached hereto, p. 1, lines 12-13). On October 5, 2009, the Court issued an Order of Contempt, finding that John Bravata "willfully violated" the TRO/Asset Freeze. (Docket No. 82). In that Order, the Court squarely rejected the Bravata Defendants' objection to the validity of the TRO/Asset Freeze, holding that their "challenge to the validity of the orders is misplaced" and that John Bravata "has not stated a defense that justifies his conduct." (Id. at 3-4). Pursuant to the "law of the case" doctrine, this holding should not be revisited. *See Sweeney v. Correctional Med. Servs.*, 2007 U.S. Dist. LEXIS 75902, *2 (E.D. Mich. Oct. 12, 2007) ("Under the law of the case doctrine, litigants are generally precluded from seeking relief related to matters that the tribunal has already decided." (citations omitted))

As stated in the SEC's Motion for Protective Order, the Bravata Defendants' claimed reasons for eliciting Mr. Hanauer's testimony did not, in the first instance, satisfy the high standards required to compel the testimony of opposing counsel. The Bravata Defendants' dubious rationale has now disappeared entirely, given that the Court has ruled that the TRO/Asset freeze is a valid order – a prerequisite to a finding of contempt. Even the Bravata

3

Defendants' counsel has conceded the validity of the TRO/Asset Freeze. (See Ex. A). Accordingly, since the validity of the TRO/Asset Freeze is no longer at issue, any need for the drastic step of forcing counsel to testify diminishes precipitously.[1]

WHEREFORE, for the foregoing reasons and the reasons cited in the SEC's initial brief, the motion should be granted, a protective order should be issued barring the Bravata Defendants from calling plaintiff's trial counsel as a witness at the preliminary injunction hearing, and the Court should issue an order striking the Bravata Defendants' "unclean hands" and equitable estoppel affirmative defenses.

Dated: October 8, 2009

                Respectfully submitted,

                s/ James G. Lundy

                Benjamin J. Hanauer
                James G. Lundy
                Jonathan S. Polish
                Attorneys for Plaintiff
                Securities and Exchange Commission
                175 West Jackson, Suite 900
                Chicago, IL 60604
                Telephone: (312) 353-8642 (Hanauer)
                Telephone: (312) 353-0878 (Lundy)
                Telephone: (312) 353-6884 (Polish)
                E-mail: HanauerB@sec.gov
                E-mail: LundyJ@sec.gov
                E-mail: PolishJ@sec.gov

---

[1] The SEC's Motion for Protective Order also seeks to strike the Bravata Defendants' "unclean hands" and equitable estoppel affirmative defenses. Because those defenses are premised on the same alleged conduct by which the Bravata Defendants' previously challenged the validity of the TRO/Asset Freeze, the defenses should be likewise be stricken for the reasons stated herein and in the SEC's motion.

## CERTIFICATE OF SERVICE

      James G. Lundy, an attorney, hereby certifies that on October 8, 2009, he caused the foregoing submission to be filed with the Clerk of Court using the CM/ECF system.

s/ James G. Lundy

# Exhibit A

1

| | |
|---|---|
| 1 | (EXCERPTS FROM HEARING) |
| 2 | *  *  * |
| 3 | (Mr. Bartko continuing): The Court is well aware, |
| 4 | as is counsel, what the burden is of the SEC today. We don't |
| 5 | disagree that the Court has virtually unlimited -- well, |
| 6 | somewhat limited -- powers to deal with violations of a |
| 7 | Court's order, but the request today to hold Mr. Bravata in |
| 8 | civil contempt cannot be accomplished unless the Commission |
| 9 | shows by clear and convincing evidence, it's a higher |
| 10 | standard than a civil burden of proof, clear and convincing |
| 11 | evidence that there was a valid order in place prohibiting |
| 12 | the conduct that Mr. Bravata is accused of. There is no |
| 13 | question there is a valid order; I think there is some |
| 14 | question in Mr. Bravata's mind and in my mind on whether or |
| 15 | not his judgment in accessing $36,000 was covered under the |
| 16 | policy. |
| 17 | THE COURT: You mean under the order. |
| 18 | MR. BARTKO: I'm sorry? |
| 19 | THE COURT: Under the policy or under the order? |
| 20 | MR. BARTKO: I'm sorry, order. |
| 21 | THE COURT: I'm just trying to understand. |
| 22 | MR. BARTKO: No, I misspoke. Thank you. |
| 23 | *  *  * |
| 24 | |
| 25 | |