**UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:                                                                                     Case No. 09-12950

UNITED STATES SECURITIES AND                                    Honorable David M. Lawson
EXCHANGE COMMISSION,

      Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC and SHARI A.
BRAVATA,

      Defendants.
_____/

**RECEIVER'S MOTION FOR TURNOVER
OF FERRARI TITLE AND TO COMPEL JOHN BRAVATA TO APPEAR
FOR EXAMINATION TO ENABLE RECEIVER TO LOCATE AND SECURE ASSETS**

      Earle I. Erman, Receiver of BBC Equities, Inc. and Bravata Financial Group, files this Motion for Turnover of Ferrari Title and to Compel John Bravata to Appear for Examination to Enable Receiver to Locate and Secure Assets and states as follows:

      1.     On July 26, 2009, the United States Securities and Exchange Commission (the "SEC") commenced a lawsuit in this Court against John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC ("BBC"), Bravata Financial Group, LLC ("Bravata") and Shari A. Bravata. In its Complaint the SEC alleges that the BBC/Bravata Defendants engineered and executed a scheme to defraud investors in violation of the Securities Act of 1933, the Securities

Exchange Act of 1934, and various regulations promulgated under that legislation. A preliminary injunction hearing in the SEC enforcement action is now scheduled for October 21, 2009.

2. On September 2, 2009, this Court entered the Receivership Order appointing Earle I. Erman ("Receiver") as the Receiver of BBC Equities, Inc. and Bravata Financial Group LLC (collectively, the "Receivership Entities"). The Receivership Order is preliminary and granted the Receiver the powers, authorities, rights, and privileges described within the order necessary to marshal and preserve the assets of the Receivership Entities and to prepare a report reflecting the existence, value, and location of all assets and liabilities of the Receivership Entities (the "Interim Report"). The issue of the ongoing scope of the Receivership will also be addressed at the hearing on October 21, 2009.

3. On September 11, 1009, the SEC filed its Motion for An Order to Show Cause Why Defendant John Bravata Should Not Be Adjudicated in Civil Contempt for Violating the Court's Asset Freeze Orders (the "Contempt Motion"). The SEC alleged that John Bravata drew down loans against life insurance policies in violation of the Asset Freeze Order.

4. This Court scheduled a show cause hearing on October 1, 2009.

5. In his response to the Contempt Motion, John Bravata admitted that, on August 10, 2009, he drew loans on the life insurance policies in violation of the Asset Freeze Order.

6. Under the Receivership Order, the Receiver is obligated to marshal assets and to take such actions as necessary and appropriate for the preservation of Receivership Property (as defined in paragraph 6(A) of the Receivership Order) or to prevent the dissipation or concealment of Receivership Property.

7. The Receiver filed a Statement with respect to the Contempt Motion (the "Receiver's Statement") noting that violation of the Asset Freeze Order potentially dissipates Receivership Property.

8. The Receiver requested that this Court order John J. Bravata to immediately transfer the Ferrari, the Storage Locker Property and the Motor City Property ( each as defined in the Receiver's Statement and collectively referred to as "Bravata's Property") to the Receiver pending the hearing on October 21, 2009.

9. At the hearing, although the Court indicated that it would not order Mr. Bravata to turnover possession of Bravata's Property to the Receiver, the Court did order that Mr. Bravata allow the Receiver to locate and review the property.

10. The Receiver noted that the whereabouts of the Ferrari were unknown and the Court questioned Mr. Bravata regarding this issue. Mr. Bravata testified that the Ferrari had been located at his residence in Brighton, Michigan, but, approximately one month ago, his friend Les Lucas picked up the Ferrari. See Transcript, Tab 1.

11. The Court ordered Mr. Bravata to provide the Receiver with contact information for Mr. Lucas before he left the Court that day.

12. On October 5, 2009, the Court entered an Order (the "Court Order") compelling the Receiver to locate and secure Bravata's Property and compelling Defendants to assist the Receiver in locating and securing the property. Tab 2.

13. Although Mr. Lucas eventually (he cancelled the first appointment) met with an attorney from the Receiver's office, David, Miller, Mr. Lucas refused to disclose where the Ferrari was stored or allow Mr. Miller to view the Ferrari at its storage location. Affidavit of

David Miller, Tab 3.  Instead Mr. Miller and Mr. Lucas met at a Wendy's Restaurant in Monroe, Michigan.

14.    Contrary to Mr. Bravata's testimony, Mr. Lucas stated that he been in possession of the Ferrari since February, 2009. Mr. Lucas stated that he had done work on the car, was owed money and was asserting a lien on the property. *Id.*

15.    Mr. Lucas also stated that he was in possession of the title to the Ferrari but would not show it to the Receiver unless John Bravata instructed him to do so. Mr. Miller told Mr. Lucas that the Receiver wanted to review the front and back of original Ferrari title. *Id.*

16.    Subsequently, John Bravata's counsel, Mr. Bartko, informed the Receiver that the Ferrari had been moved from Les Lucas' Monroe storage facility back to John Bravata's Brighton home.  After much effort, Joe Bravata (John Bravata's brother) agreed to meet Mr. Miller there to allow Mr. Miller to ensure that the Ferrari was "secure" as required by the Court Order.  Joe Bravata did not bring a copy of the title to the Ferrari for Mr. Miller to review. The Ferrari is being stored outside in John Bravata's driveway covered only by a tarp. Tab 3.

17.    The Receiver is concerned that transfer of physical possession of the Ferrari to Les Lucas, Mr. Lucas' possession of the title and the refusal to allow the Receiver to view the original title indicates that the Ferrari has been sold.  The Ferrari is also now being stored in an open driveway covered only by a tarp.

18.    In addition to issues relating to the Ferrari, the Storage Locker Property was moved from the Whitmore Lake storage facility. The boat, two vehicles, jetskis and trophy animals have been moved.  John Bravata also now claims that the boat stored there is the property of his brother Joe Bravata. This is in conflict with a statement by Joe Bravata's counsel that Joe Bravata does not own any watercraft. Tab 4.  John Bravata has not produced insurance

for the boat which might indicate ownership. Additionally, John Bravata's inventory of the items that were allegedly moved still does not identify the two jetskis.

19. The Receiver has expended a great deal of effort, time and money attempting to locate and secure Bravata's Property as required by this Court's order.  Because Mr. Bravata has refused to produce the title to the Ferrari, because property has been removed from the storage facility, because Bravata only responds partially to inquiries necessitating a great deal of time and effort, this Court should order John Bravata to turnover the title to the Ferrari, turnover possession of the Ferrari and to personally appear for an examination in a room at the courthouse with respect to property subject to the Asset Freeze Order.  The examination should be scheduled at a time when the parties can contact this Court to resolve disputes regarding the scope of the examination.

          Respectfully submitted,

          BODMAN LLP

By: s/Jane Derse Quasarano_____
    F. Thomas Lewand (P16619)
    *tlewand@bodmanllp.com*
    Robert J. Diehl (P31264)
    *rdiehl@bodmanllp.com*
    Jane Derse Quasarano (P45514)
    *jquasarano@bodmanllp.com*
    Alan N. Harris (P56324)
    *aharris@bodmanllp.com*
    6th Floor at Ford Field
    1901 St. Antoine Street
    Detroit, Michigan  48226
    (313) 259-7777
    Attorneys for Receiver

October 9, 2009

UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 09-12950
                                                          Honorable David M. Lawson
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC and SHARI A.
BRAVATA,

      Defendants.
_____/

**BRIEF IN SUPPORT OF RECEIVER'S MOTION FOR TURNOVER
OF FERRARI TITLE AND TO COMPEL JOHN BRAVATA TO APPEAR
FOR EXAMINATION TO ENABLE RECEIVER TO LOCATE AND SECURE ASSETS**

      Earle I. Erman, Receiver of BBC Equities, Inc. and Bravata Financial Group, files this Brief in Support of his Motion for Turnover of Ferrari Title and to Compel John Bravata to Appear for Examination to Enable Receiver to Locate and Secure Assets and relies on the Federal Rules of Civil Procedures, the terms of the Receivership Order, this Court's prior orders and applicable law.

Respectfully submitted,

BODMAN LLP

By: s/Jane Derse Quasarano
    F. Thomas Lewand (P16619)
    *tlewand@bodmanllp.com*
    Robert J. Diehl (P31264)
    *rdiehl@bodmanllp.com*
    Jane Derse Quasarano (P45514)
    *jquasarano@bodmanllp.com*
    Alan N. Harris (P56324)
    *aharris@bodmanllp.com*
    6th Floor at Ford Field, 1901 St. Antoine Street
    Detroit, Michigan  48226
    (313) 259-7777
    Attorneys for Receiver

October 9, 2009

**UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 09-12950 |
| | Honorable David M. Lawson |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC and SHARI A. BRAVATA, | |
| Defendants._____/ | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 9, 2009 **Receiver's Motion** f*or Turnover of Ferrari Title and to Compel John Bravata to Appear for Examination to Enable Receiver to Locate and Secure Assets* was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

/s/ Jane Derse Quasarano
Bodman LLP
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Phone:  (313) 259-7777
Fax:    (313) 393-7579
Email:  jquasarano@bodmanllp.com
Attorney for Receiver, Earle I. Erman

Detroit_959078_4