**Exhibit 2**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| United States Securities and Exchange Commission, | ) ) ) | Case No. 2:09-CV-12950-DML-VMM |
| | ) | Judge David M. Lawson |
| Plaintiff, | ) ) | |
| -vs- | ) ) | |
| John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC, and Shari A. Bravata, | ) ) ) ) | |
| Defendants. | ) ) ) | |

\*      \*      \*

## MOTION FOR ABANDONMENT OF PROPERTIES BY THE RECEIVER AND RELIEF FROM STAY AND MEMORANDUM IN SUPPORT

Jonathan S. Polish
James G. Lundy
Benjamin J. Hanauer
175 W. Jackson Blvd., Ste. 900
Chicago, IL  60604
312.353.6884 (Polish)
312.353.0878 (Lundy)
313.353.8642 (Hanauer)
polish@sec.gov
lundyj@sec.gov
hanauerb@sec.gov
*Attorneys for the Commission*

Thomas P. Dillon (P55191)
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, OH  43604
419.241.9000
tdillon@slk-law.com
*Attorneys for The Huntington National Bank*

Michael J. Riordan
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
313.226.9602
michael.riordan@usdoj.gov
*Local Counsel for the Commission*

George B. Donnini
Joseph E. Richotte
Butzel Long, PC
150 W. Jefferson Ave., Ste. 100
Detroit, MI  48226
313.225.7000
klimkojg@butzel.com
donnini@butzel.com
richotte@butzel.com
*Attorneys for BBC Equities, LLC &*
  *Bravata Financial Group, LLC*

Gregory Bartko
Law Office of Gregory Bartko, LLC
3475 Lenox Rd., Ste. 400
Atlanta, GA  30326
404.238.0550
gbartko@securitieslawcounsel.com
*Attorney for the Bravatas*

Defendant The Huntington National Bank ("Huntington") moves the Court for an order allowing or requiring the Receiver to abandon 13 properties (**"Mortgaged Properties"**) securing 14 loans (**"Huntington Loans"**) for which Huntington is the mortgagee and modifying the Court's July 27, 2009 Temporary Restraining Order ("TRO"), as continued by the Court's Order Granting the Plaintiff's Motion for Preliminary Injunction and Continuing the Order Freezing Assets ("Preliminary Injunction" together with the TRO "Stay"), and the Court's September 2, 2009 Order Appointing Receiver ("Receivership") to permit Huntington to pursue its rights as the mortgagee against the Mortgaged Properties, including actions to foreclose the equity of redemption of the fee owner.

The grounds for this motion are that: [1] Huntington's Loans secured by the Mortgages exceed the value of the Mortgaged Properties; [2] the cost of securing and protecting the Mortgaged Properties is burdensome to this Case with no offsetting value; [3] the Receivership has no funds to secure and protect the Mortgaged Properties; [4] Huntington's property rights are senior to the rights of all other parties; [5] Huntington's Loans are unrelated to the activities alleged in the Complaint; and [6] Huntington is not being compensated for the impairment of its rights.

This motion is supported by the pleadings, attached exhibits, the Affidavit of Felix Melchor ("Melchor Affidavit") attached as Exhibit 3 to Huntington's Motion to Intervene and the following Brief in Support. To avoid burdening the Court, Huntington incorporates by reference the statement of facts from its Motion to Intervene, and includes all relevant facts in the Law and Argument portion of the brief.

Pursuant to E.D. Mich. LR 7.1(a)(2), Huntington states that it conferred with the attorneys for the parties to explain the nature of the motions that Huntington would be making

and the legal basis for the motions, and requested, but did not obtain complete concurrence for the relief sought.[1]


Respectfully submitted,

s/Thomas P. Dillon
Thomas P. Dillon (P55191)
SHUMAKER, LOOP & KENDRICK, LLP
Attorneys for The Huntington National Bank

---

[1]    Attorneys for Huntington also conferred with attorneys for the Plaintiff and Securities and Exchange Commission by telephone and email beginning in the last week of July 2009 and into the first week of August 2009. Counsel for Huntington conferred with the Receiver in the third week of September 2009 and had follow-up communications in the fourth week of September 2009. Counsel for Huntington attempted to confer with all parties by email to all counsel of record starting September 24, 2009.

## ISSUE PRESENTED

Whether the Court should issue an order allowing or requiring the Receiver to abandon 13 Mortgaged Properties securing 14 Huntington Loans for which Huntington is the mortgagee and modifying the Stay, and the Court's September 2, 2009 Receivership Order to permit Huntington to pursue its rights as the mortgagee against the Mortgaged Properties, including actions to foreclose the equity of redemption of the fee owner, when [1] Huntington's Loans secured by the Mortgages exceed the value of the Mortgaged Properties; [2] the cost of securing and protecting the Mortgaged Properties is burdensome to this Case with no offsetting value; [3] the Receivership has no funds to secure and protect the Mortgaged Properties; [4] Huntington's property rights are senior to the rights of all other parties; and [5] Huntington's Loans are unrelated to the activities alleged in the Complaint?

Huntington's answer: "Yes."

BBC Defendants' answer: "No."

SEC's answer: "No."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

1.  *Kloian v. Kelley*, 115 Fed Appx. 768 (6th Cir. 2004).

2.  *Bittel v. Yamato Int'l Corp.*, 1995 U.S. App. LEXIS 37082 (6th Cir. 1987).

3.  *Securities and Exchange Comm'n v. Secure Investment Services*, Inc., 2008 U.S. Dist. LEXIS 71630 (E.D. Cal. 2008).

4.  *Resolution Trust Corp v. Fountain Circle Assoc. Ltd. Partnership*, 799 F. Supp. 48 (N.D. Ohio 1992).

**MEMORANDUM IN SUPPORT**

## I.    LAW AND ARGUMENT

**A.**    **The Receiver Should Abandon the Mortgaged Properties as a Burden that is of Inconsequential Value and No Benefit to the Receivership**

Under 11 U.S.C. § 554(a)-(b) of the Bankruptcy Code, "[a] bankruptcy trustee is authorized . . . to 'abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate,' after notice and a hearing." *Kloian v. Kelley*, 115 Fed Appx. 768, 769 (6th Cir. 2004); *see also In re K.C. Machine & Tool, Co.*, 816 F.2d 238, 243-44 (6th Cir. 1987); *Bittel v. Yamato Int'l Corp.*, No. 94-1396, 1995 U.S. App. LEXIS 37082, at *14-15 (6th Cir. Nov. 27, 1995). The concept of abandonment has been applied to property subject to Securities and Exchange Commission enforcement actions and receiverships. *See Securities and Exchange Commission v. Secure Investment Services, Inc.*, No. 2:07-cv-1724-GEB-CMK, 2008 U.S. Dist. LEXIS 71630, at *17 (E.D. Cal. July 28, 2008) (granting the receiver's motions to abandon thirteen life insurance policies where the payout would not come close to required premium payments as "[e]quity does not favor having the estate investors who have a minimal chance of receiving any benefit from paying the premiums to continue paying them.").

The economic reality is that the Mortgaged Properties will only burden the Receiver and will yield no benefit to the alleged victims in this Case. Using Bankruptcy Code terminology, the Mortgaged Properties are "of inconsequential value and benefit to the estate," and are "burdensome to the estate" managed by the Receiver. *See* 11 U.S.C. § 554(a)-(b).

All 14 Huntington Loans have been reduced to judgment. Melchor Affidavit, ¶¶ 4, 13, Exhibit B (B1-B4). The judgments far exceed the value of the Mortgaged Properties. *Id.*, Exhibit A. As of September 25, 2009, the aggregate outstanding balance of Huntington's nine

loans to Phil & Rebecca's is $4,577,406.63 plus interest. *Id.* Huntington currently has offers to purchase the properties totaling $1,685,000, leaving a net equity deficit of $2,941,622.08, without counting expenses. *Id.* Using even the highest appraised values provides a smaller, but still overwhelming aggregate equity deficit of $1,806,622.08. *Id.*

The circumstances for Huntington's five loans to Rockland Development are equally dire. The aggregate outstanding balance is $4,482,172.16 plus interest. Huntington currently has offers to purchase the properties totaling $1,574,101.00, leaving a net equity deficit of $2,970,259.54, without counting expenses. *Id.* Again, using even the highest appraised values provides a smaller, but still overwhelming aggregate equity deficit of $1,469,360.54. *Id.*

The Mortgaged Properties are declining in value every day, especially now that all have been abandoned and Huntington is prevented from acting fully.[2] *Id.* at ¶ 16. The Transferees have abandoned all of the Mortgaged Properties, including several before these proceedings commenced, and all management and maintenance of the Mortgaged Properties has ceased. *Id.* Nine of the Mortgaged Properties are coin operated car washes. *Id.* Without daily maintenance, supplies cannot be replenished and they are subject to vandalism and theft. *Id.* Other Mortgaged Properties have tenants and need maintenance. *Id.* Notices to disconnect utilities also have been received. E.g. *Id.*, Exhibit H.

Given these circumstances, and the practical economic realities of the particular properties, neither the Securities and Exchange Commission nor the victims of BBC's fraud "will in fact be well-served by receivership." *See Resolution Trust Corp. v. Fountain Circle Associates Limited Partnership*, 799 F. Supp. 48, 51 (N.D. Ohio 1992) (*citing* 12 Wright &

---

[2]    The Receiver is permitting Huntington to take some protective action to the extent that Huntington can obtain any rents to pay for it. Anything further is not permitted without further order of the Court.

Miller, Federal Practice and Procedure § 2983 at 22-24 (1973)). The Receiver cannot and should not be expected to devote the time, effort and resources that the Mortgaged Properties require. The value of these properties is so far below the amount of Huntington's Loans, only Huntington will receive some payment upon liquidation. It is, therefore, simply not practical or prudent for the Receiver to invest in these properties with no hope of any return. Only Huntington has the financial motivation to attend to these properties so that Huntington's massive losses will be mitigated.

     **B.**     **Huntington's Property Rights are Senior to the Rights of all Other Parties and Leave no Equity for the Receiver or the Alleged Victims of BBC**

Huntington's property rights against the Mortgaged Properties are prior to the rights of the Borrowers and those claiming through the Borrowers including the Transferees, and those claiming through the Transferees such as BBC and its alleged victims. The value of the Mortgaged Properties is so low that Huntington will never be fully paid from the sale of the properties and certainly no one junior to Huntington will see a penny.

The Mortgages securing Huntington's Loans conveyed to Huntington a property interest in the Mortgaged Properties. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 601-602 (1935); s*ee also Apostolakos v. Panagouleas*, 2002-Ohio-2166 at ¶ 19 (12th Dist. 2002) ("A mortgage is a security agreement that conveys a legal interest in real property contingent on the payment of an underlying debt."); *Barnets, Inc. v. Johnson*, 2005-Ohio-682 at ¶ 13 (12th Dist. 2005) (observing that a mortgage is characterized as a lien); *Credit Based Asset Servicing & Securitization, LLC v. Flagstar Bank, FSB*, No. 273198, 2007 Mich App. LEXIS 825, at *7-8 (a mortgage is a conveyance under Michigan law).

There is no dispute that the Borrowers are subject to Huntington's senior property interest as first mortgagee against the Mortgaged Properties. The Borrowers themselves gave

Huntington those senior rights. Having given the rights to Huntington, the Borrowers could not give the rights to the Transferees, whose rights can rise no higher than the rights of the Borrowers. In return, no one claiming through the Transferees, such as BBC or its alleged victims can claim any rights greater than those that the Transferees took from the Borrowers. *See Ketchum v. Duncan*, 96 U.S. 659, 670-671 (1878); *see also The Fifth-Third Union Trust Co. v. Covy*, 59 Ohio App. 491, 492,18 N.E.2d 618 (Ohio Ct. App. 1938).

Huntington is as a bona fide purchaser whose interests in the Mortgaged Properties are superior to the rights anyone else might have including the Borrowers, those claiming through the Borrowers such as the Transferees, or those claiming through the Transferees such as BBC and its alleged victims. *See Firstmerit Mortgage Co. v. Beers*, 5th Dist. No. 2007-CA-00027, 2007-Ohio-4253, 2007 Ohio App. LEXIS 3925, at ¶ 47 ("If at the time of taking the mortgage, legal title was held by the intended mortgagors, and the mortgagee has no notice of any fraud or infirmity in the title, and the mortgage was supported by valuable consideration, the mortgagee is entitled to protection as a bona fide purchaser."); *see also Wayne Building & Loan Co. v. Yarborough*, 11 Ohio St. 2d 195, 200, 228 N.E.2d 841 (Ohio 1967); *First Church of God of South Lebanon v. Rudd*, 12th Dist. No. CA86-08-052, 1987 Ohio App. LEXIS 5969 (Mar. 23., 1987). Michigan law is essentially the same. *See Missouri v. MWG Property Consultants, LLC*, No. 273906, 2008 Mich. App. LEXIS 1232 (Mich. Ct. App. June 12, 2008), at *8-9.

None of the Huntington Loans or mortgages against the Mortgaged Properties are in any way related to any of the activities described in the Complaint, and none of the Borrowers are related to any of the defendants to the Complaint. Melchor Affidavit, ¶ 4. The Huntington Loans predate the activities alleged in the Complaint. *Compare* Melchor Affidavit, ¶ 4 and Exhibit A *with* Complaint, ¶17. Huntington played no role in the transfer of the Mortgaged

Properties to the Transferees or the transfer of ownership of the Transferees to BBC. Melchor Affidavit ¶ 9. These transfers occurred without Huntington's knowledge, and, after discovering the transfers, Huntington declined to consent. *Id.*

Moreover, even if for argument's sake, there were value in the Mortgaged Properties that indirectly accrued from the Borrowers as mortgagors to BBC and those taking through BBC such as BBC's alleged victims, Huntington's prior rights are constitutionally protected against the type of interference to date without compensation. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935). Thus, the Receiver's abandonment of the Mortgaged Properties and relief from stay for Huntington as mortgagee in favor of proceedings of Huntington's choosing is required.

### C.    Any Recovery Beyond Huntington's Loans Can Be Protected

In the unlikely event that the sale of the Mortgaged Properties yields amounts greater than that owed to Huntington, those amounts can be turned over to the Receiver.[3] Huntington will consent to an order requiring it to turn over to the Receiver any excess proceeds. Huntington will also consent to an order requiring it to provide the Receiver with an accounting of all sales.

---

[3]    The Security Documents all include cross-collateralization clauses. Thus, a sale of an individual Mortgaged Property that yields a surplus must be applied first to cover deficiencies on sales of other Mortgaged Properties of the same Borrower. Even if there were no cross-collateralization as an unpaid creditor of the Borrower, a transfer of any surplus to a Transferee on any one Mortgaged Property may be recoverable by Huntington from the Transferee of that Mortgaged Property under the Uniform Fraudulent Transfer Act.

## II.    CONCLUSION

For all of the reasons stated above, Huntington respectfully requests that its motion for abandonment of the Mortgaged Properties by the Receiver and relief from stay be granted.

Respectfully submitted,

s/Thomas P. Dillon
Thomas P. Dillon (P55191)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
TEL: (419) 241-9000
FAX: (419) 241-6894
tdillon@slk-law.com
Attorneys for The Huntington National Bank

## CERTIFICATE OF SERVICE

This is to certify that on October 9, 2009, a copy of the foregoing **MOTION FOR ABANDONMENT OF PROPERTIES BY THE RECEIVER AND RELIEF FROM STAY AND MEMORANDUM IN SUPPORT** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/Thomas P. Dillon
Thomas P. Dillon (P55191)
SHUMAKER, LOOP & KENDRICK, LLP
Attorneys for The Huntington National Bank