# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| v. | ) | |
| Plaintiff, | ) ) | |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO BRAVATA, BBC EQUITIES, LLC AND BRAVATA FINANCIAL GROUP, LLC | ) ) ) ) ) ) | CIVIL ACTION NO.: 2:09-cv-12950-DML-VMM |
| Defendants, | ) ) | |
| and | ) ) | |
| SHARI A. BRAVATA, | ) ) | |
| Relief Defendant. | ) ) | |

## MOTION IN LIMINE TO PROTECT
## THE ELICITING OF TESTIMONY FROM
## RELIEF DEFENDANT, SHARI A. BRAVATA VIOLATIVE
## OF APPLICABLE SPOUSAL TESTIMONIAL PRIVILEGES
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

I.    *Preliminary Statement and Certification under LR 7.01(A)*

*"The Securities Regulation Law Firm"*
3475 Lenox Road, Suite 400 ● Atlanta, GA 30326 ● Phone (404) 238-0550 ● Fax (866) 342-4092
Email: gbartko@securitieslawcounsel.com ● www.securitieslawcounsel.com

1

On September 9, 2009, the Plaintiff, Securities and Exchange Commission ("SEC") caused to be issued and served a subpoena compelling the testimony of the Relief Defendant, Shari A. Bravata ("Mrs. Bravata") at the evidentiary hearing now scheduled in this cause for October 21-22, 2009. The Bravata Defendants hereby seek an order *in limine* from this Court that precludes the SEC and the Receiver from eliciting testimony or evidence from Mrs. Bravata that would violate either evidentiary privilege commonly available when spouses are compelled to testify in civil proceedings such as in the present case. In complying with the movants' counsel's obligation to confer with opposing counsel pursuant to Local Rule 7.1(A) on this issue, the undersigned counsel does hereby certify that although some general discussions were exchanged between Mr. Polish of the SEC and the undersigned on behalf of the Bravata Defendants, no clear consensus was evident in the exchange of positions between Messrs. Polish and Bartko prior to filing this motion. As a result, it is reasonably likely that the issues presented by this motion will arise during the course of Mrs. Bravata's hearing testimony, making resolution of this evidentiary matter by an order *in limine* a far more efficient means of addressing the concerns held by the Bravata Defendants.

The Joint Rule 26(f) Scheduling Conference Report filed in this case on August 12, 2009, reflects that the SEC intends to call Mrs. Bravata as a witness at the hearing with respect to "[U]ses of investor funds; compliance with injunction and asset freeze; other matters set forth in her declaration." Mrs. Bravata and the Defendant John J. Bravata ("Mr. Bravata") have been legally married at all times relevant to the time frame referenced in the SEC Complaint and continue to be married. It is therefore justifiably anticipated by the Bravata Defendants that the SEC or Receiver will seek to elicit testimony from Mrs. Bravata at the hearing that is privileged by application of one or both "spousal privileges" recognized by Federal law. Since Mrs. Bravata has never provided any sworn testimony or other similar form of declaration in connection with the facts of this case, the SEC's reference to questioning her about other matters set forth in her declaration is also troublesome and could very well lead to the SEC seeking to elicit testimony from Mrs. Bravata otherwise privileged.

## II. Applicable Spousal Privileges

Evidentiary privileges in Federal courts are governed by Federal Rule of Evidence 501, which states:

"the privilege of a witness, person, government, State, or political sub-division thereof shall be governed by the principles of the common law as

they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

As this Court has previously opined in *Bila v. Radio Shack Corporation,* 2004 U.S. Dist. LEXIS 24649; 65 Fed. R. Evid. Serv. (Callaghan) 1093, Federal courts have recognized two kinds of evidentiary privileges that apply to the testimony of spouses. The spousal immunity privilege, which exists only during the term of a valid marriage, protects one spouse from being compelled to testify against the other. This privilege belongs only to the testifying spouse and may not be asserted by the opposite spouse. *Trammel v. United States,* 445 U.S. 40, 53, 63 L. Ed. 2d 186, 100 S. Ct. 906 (1980); *United States v. Sims,* 755 F.2d 1239, 1240-41 (6th Cir. 1985).  Here, Mrs. Bravata does intend to invoke her spousal immunity privilege when necessary and appropriate at the hearing.

The second testimonial privilege protects confidential communications made by one spouse to the other during the marriage. It may be asserted by either spouse, and it survives the termination of the marriage.  The three elements of this second testimonial privilege are: (1) a marriage recognized as valid by state law at the time of the communication; (2) the expressions must be

intended by one spouse to convey a message to the other and (3) the communication must be made in confidence. *See generally* 2 Jack B. Weinstein and Margaret A. Berger, Weinstein's Evidence § 505[4] (1992). The third element-confidentiality - is the essence of most evidentiary privileges, and when confidentiality ceases, the privilege no longer applies.

As will be shown at the hearing on October 21-22, 2009, Mrs. Bravata will not be able to offer any  direct, competent testimony concerning the matters asserted in the SEC Complaint or the operations and history of BBC Equities, LLC ("BBC")—other than statements or information shared with her by her husband, Mr. Bravata. Mrs. Bravata is a work at home mother raising two small children and is only marginally involved in household expenses, bills, payments of family obligations and the like. She has no awareness of the intricacies of BBC except what statements may have been told to her by Mr. Bravata, most all of which were shared with her by Mr. Bravata as confidential communications between husband and wife.

On October 9, 2009, Mr. Bravata's counsel conferred with the SEC requesting a stipulation that would make clear before the hearing that no testimony would be elicited from Mrs. Bravata at the hearing that would violate

any spousal privilege applicable in this Court. The SEC, through Mr. Polish, responded: "We will not elicit testimony from Ms. Bravata regarding communications with her husband.  If you would like to effectuate a stipulation along those lines, we are prepared to do so.  Otherwise, you should seek whatever relief from the Court that you deem appropriate."[1] Counsel for the Bravata Defendants then sought more clarity from the SEC and requested that the stipulation include the statutory parameters of the provisions of the Michigan statutory spousal privileges codified in MCLA 600.2162 (or the provisions thereof). The SEC then responded with Mr. Polish indicating that, "[T]o the extent you are asking us to stipulate to more than not seeking testimony concerning communications among and between Mr. and Mrs. Bravata, "no."

Consequently, after conferring with the SEC on this issue through an exchange of several email messages, it appears to the Bravata Defendants and Mrs. Bravata in particular, that the only aspect of Mrs. Bravata's anticipated testimony the SEC agrees is off limits is testimony concerning communications between Mr. and Mrs. Bravata. This leaves the door too far open for the SEC to advocate that they are entitled to elicit testimony from Mrs. Bravata otherwise

---

[1] The SEC's position stated as such is deemed by the Bravata Defendants to be an indication that the relief sought in this motion is opposed by the SEC.

covered by one or both of the spousal privileges enunciated in *Bila v. Radio Shack Corporation, supra.*

For example, the scope of the spousal immunity privilege is ordinarily described as a testimonial prohibition available to the testifying spouse <u>that protects one spouse from being compelled to testify against the other.</u> This testimonial privilege is broader in scope than the second confidential marital communications privilege which requires the showing of the three elements cited above. In other words, the SEC should be prohibited from not only eliciting testimony from Mrs. Bravata that would evoke confidential communications between her and her husband, but the spousal immunity privilege protects Mrs. Bravata from being compelled to testify against her husband Mr. Bravata. Based upon the SEC's stated position on this issue, the only limitation it is willing to accede to is that communications exchanged between Mr. and Mrs. Bravata on matters relevant to the subject matter contained in the SEC Complaint are prohibited. Due to this difference of interpretation on the scope of the spousal and confidential communication privileges, an order *in limine* is needed prior to Mrs. Bravata's testimony is taken at the evidentiary hearing on October 21-22, 2009.

Summarizing, Mr. and Mrs. Bravata seek an order *in limine* from this Court that clearly outlines the demarcation of the scope of both the spousal immunity privilege available to Mrs. Bravata and the joint marital communications privilege available to both spouses, which order would control the areas of testimony that the SEC or Receiver could elicit from Mrs. Bravata during the coming evidentiary hearing

Dated this 15th day of October, 2009.

Respectfully Submitted,

By: /s/ Gregory Bartko
**Law Office of Gregory Bartko, LLC**
Gregory Bartko, Esq.
Michigan Bar No. P30052
*Counsel for Bravata Defendants*
3475 Lenox Road, Suite 400
Atlanta, GA 30326
Phone: 404-238-0550
Email:
gbartko@securitieslawcounsel.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| **Plaintiff,** | ) |
| | ) |
| **JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO BRAVATA, BBC EQUITIES, LLC AND BRAVATA FINANCIAL GROUP, LLC** | ) ) ) ) ) **CIVIL ACTION NO.: 2:09-cv-12950-DML-VMM** |
| | ) |
| **Defendants,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **SHARI A. BRAVATA,** | ) |
| | ) |
| **Relief** | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION IN

LIMINE TO PROTECT THE ELICITING OF TESTIMONY FROM RELIEF

DEFENDANT, SHARI A. BRAVATA VIOLATIVE OF APPLICABLE SPOUSAL

TESTIMONIAL PRIVILEGES  AND MEMORANDUM OF LAW IN SUPPORT

THEREOF was filed electronically this 15th day of October, 2009 with the Clerk of

the Court using *CM/ECF.* I also certify that the foregoing document is being

served this day on all counsel of record and any *pro se* parties identified on the

attached Service List via e-mail and U.S. mail, either via transmission of Notices

of Electronic Filing generated by *CM/ECF* or via U.S. mail to those parties that

have formally appeared of record but are who are not authorized to receive

electronic Notices of Electronic Filing.

Respectfully Submitted,


By: /s/ Gregory Bartko
**Law Office of Gregory Bartko, LLC**
Gregory Bartko, Esq.
*Counsel for Defendants*
3475 Lenox Road, Suite 400
Atlanta, GA 30326
Telephone: (404) 238-0550
