**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

J. LINCOLN CROCKER, Individually and on behalf of all others similarly situated

        Plaintiffs,

v.

BBC EQUITIES, L.L.C.; BRAVATA FINANCIAL GROUP, L.L.C.; BBC CAPITAL, L.L.C.; BBC HOLDINGS 1-50, LLC; BBC HOLDINGS I-XI, LLC; FERNDALE LOFTS, LLC; PHOENIX VENTURES CAPITAL, LLC; JOHN J. BRAVATA; JAMES JOE BRAVATA; RICHARD J. TRABULSY; ANTONIO M. BRAVATA; SHARI A. BRAVATA; JOHN SELLERS; AARON SIMON; and EQUITY TRUST COMPANY.

        Defendants.

Case No. 09-13158
Hon. David M. Lawson

_____/

Marc L. Newman (P51393)
Christopher D. Kaye (P61918)
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200
Attorneys for Plaintiff
_____/

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC, and SHARI A. BRAVATA,
Defendants.

Case No. 09-12950

Honorable David M. Lawson

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

I.     **Introduction**

J. Lincoln Crocker, plaintiff in Case No. 09-13158, (hereinafter "Plaintiff"), is an individual investor in BBC Equities. He acknowledges that this Court's July 27, 2009 Order (Dkt. No. 22) contained language, of which he was not aware of at the time he filed his suit, that arguably enjoined Plaintiff from bringing this suit. Plaintiff also acknowledges the importance of the Security and Exchange Commission ("SEC") action regarding this matter. Accordingly, Plaintiff defers to the judgment of this Honorable Court in addressing the coordination of the public SEC action and any private civil complaints, if any, that investors ultimately pursue in this case. Nevertheless, Plaintiff believes that he is entitled to pursue such an action, and that a dismissal of his suit might threaten his ability to seek redress for the wrongs committed against him and other investors in BBC Equities. Moreover, Plaintiff believes that he can retain these rights without interfering with the SEC's action or the receivership process that the SEC action has initiated.

Plaintiff supports the SEC's actions, and does not seek to do anything that would impair the SEC's lawsuit. Moreover, Plaintiff and his counsel hope for the SEC and the court-appointed receiver to secure as much recovery as possible for BBC Equity's investors, without the recovery being reduced unnecessarily by Plaintiff's attorneys fees. Ideally, the receivership process will make the investors whole, and the Plaintiff's lawsuit will become a moot point. However, Plaintiff is concerned that this will not be the case, and that the SEC's action and the attendant receivership process will not make the investors whole. Moreover, Plaintiff believes that he is vested with a fundamental right of access to the Courts. See, e.g., Swekel v. City of River Rouge, 119 F.3d 1259, 1261-1262 (6th Cir 1997). That is why he brought this case.

## II.     The Applicable Limitations Periods Compelled Plaintiff to Bring This Action

Plaintiff is most concerned about the limitations periods for his claims and those of the other class members.  Arguably, the initial order tolled these periods.  However, Plaintiff expects that, should the issue ever arise, then defendants would argue that the order did not toll the period.  Without making the defendants' potential argument for them, Plaintiff notes that many of the securities-related limitations periods are short, and also notes that many such limitations are statutes of repose, as opposed to statutes of limitation, making them more resistant to tolling.

Likewise, Plaintiff believes that the best opportunity for BBC Equity's investors to be made whole may rest not with the defendants in the SEC action, but rather with additional defendants that Plaintiff has named in his lawsuit.  A timely filing was required in order to avoid the limitations issues that Plaintiff expects that these defendants would otherwise raise.  At the very least, Plaintiff should be allowed to maintain his suit against the parties that the SEC did not name in its action.

Notably, the order appointing a receiver provides for a stay of litigation related to the issues in this case, and for a stay of the statute of limitations for actions brought by the entities that the Court placed into receivership:

> All Ancillary Proceedings [such as Plaintiff's case] are stayed in their entirety. All any applicable statutes of limitation are tolled as to a cause of action accrued or accruing in favor of one or more of [BBC Equities, LLC or Bravata Financial Group, LLC] against a third person or party during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

Order Appointing Receiver, Dkt. No. 54, p. 11 ¶ 29.  However, this language does not provide for the tolling of a statute of limitations in actions brought by BBC Equity's aggrieved investors. Moreover, it does not address statutes of repose, as opposed to limitation.  Once again, Plaintiff

3

believes that the July 27, 2009 order as well as the Order Appointing Recevier have tolled all applicable limitation periods. However, Plaintiff is concerned that enough ambiguity on this issue exists for defendants to argue that, if Plaintiff's claim is dismissed, then the defendants will be protected against any future suit by the limitations periods.

Finally, Plaintiff is concerned that, after the conclusion of the receivership process and the SEC's case, the defendants in the SEC's action may accumulate new assets making them collectible, or reveal that they had retained assets during the receivership process that they had successfully hidden from the receiver and, thus, the investors. Plaintiff and the class members should have the right to pursue their right to be made whole against these defendants. Dismissing their claims would, at the very least, provide these defendants with a limitations-period argument that they could later use to thwart the aggrieved investors' efforts.

### III.    Plaintiff Has Been Careful Not to Interfere with the SEC's Enforcement Action

At the time Plaintiff's complaint was filed, Plaintiff's counsel read the SEC's complaint and was aware of the order instituting the asset freeze. Plaintiff had not been served with a copy of the order, or with any notice of its contents. As a result, Plaintiff's counsel had not read the order in detail, and was not aware of the apparent prohibition on the filing of lawsuits that is the focus of the Court's Order to Show Cause.

Since the time of filing, Plaintiff has been careful to minimize any impact that his case may have on the SEC's action. In particular, Plaintiff has been careful to minimize the amount of time that his complaint imposed on counsel for the defendants in the SEC action, to avoid any argument that assets should be released in order for these defendants to defend themselves against Plaintiff's lawsuit.

4

The only major action that Plaintiff has taken since filing his initial complaint was to file an amended complaint. The purpose of the amended complaint was largely to add additional defendants and was, once again, premised on the need to comply with the limitations periods that might impair the ability of the Plaintiff and other class members to seek redress against these defendants. Since the time of the Order Appointing Receiver and its stay of proceedings, Plaintiff has not actively pursued his case except to file this Response and the associated Motion.

### IV.    A Continuation of the Stay Would Be More Appropriate Than a Dismissal

Plaintiff believes that a continuation of the stay would be more appropriate than outright dismissal. The stay accomplishes much of the same goals of a dismissal: it allows the SEC action and the receivership process to proceed unhindered by a civil lawsuit. However, it also allows Plaintiff and the class members to retain their actions without the threat of the limitations periods being raised against them. Thus, it accomplishes the goals of dismissal without jeopardizing the investors' opportunity to be made whole.

### V.    Plaintiff Has Moved For Relief From The Stay For The Limited Purpose of Serving the Amended Complaint, or in the Alternative for Enlargement of the Time to Serve Process.

An immediate issue for Plaintiff is the service of his amended complaint. With one inadvertent exception[1], Plaintiff has avoided making service of process in order to strictly comply with the Order Appointing Receiver. However, the summonses are due to expire on December 9, 2009 for the Defendants named in the initial complaint, and on December 28, 2009 for the Defendants added in the amended complaint. Thus, Plaintiff is filing, along with this response, a motion for relief from the stay for this limited purpose, or, in the alternative, for

---

[1] After the entry of the order appointing the receiver, Plaintiff's counsel instructed the process servers at work on the matter to refrain from serving process on the case. One of the servers disregarded this instruction and did proceed to serve Equity Trust Company, which is not a defendant in the SEC's action.

5

enlargement of the time to serve process. The filing of this motion, like the filing of the complaint and amended complaint themselves, is intended solely to protect the rights of Plaintiff and the other aggrieved investors.

/s/ Christopher D Kaye
The Miller Law Firm, P.C.
Attorneys for Plaintiff
Marc L. Newman (P51393)
Christopher D. Kaye (P61918)
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Dated: October 29, 2009

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

J. LINCOLN CROCKER, Individually and on behalf of all others similarly situated
                Plaintiffs,

v.

BBC EQUITIES, L.L.C.; BRAVATA FINANCIAL GROUP, L.L.C.; BBC CAPITAL, L.L.C.; BBC HOLDINGS 1-50, LLC; BBC HOLDINGS I-XI, LLC; FERNDALE LOFTS, LLC; PHOENIX VENTURES CAPITAL, LLC; JOHN J. BRAVATA; JAMES JOE BRAVATA; RICHARD J. TRABULSY; ANTONIO M. BRAVATA; SHARI A. BRAVATA; JOHN SELLERS; AARON SIMON; and EQUITY TRUST COMPANY.

                Defendants.

Case No. 09-13158
Hon. David M. Lawson

_____/

Marc L. Newman (P51393)
Christopher D. Kaye (P61918)
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200
Attorneys for Plaintiff
_____/

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC, and SHARI A. BRAVATA,
Defendants.

Case No. 09-12950
Honorable David M. Lawson

**CERTIFICATE OF SERVICE**

      Julia N. Squires hereby certifies that on October 29, 2009 she caused the foregoing submission to be filed with the Clerk of the Court using the CM/ECF system which will mail to the following recipients:

- **Gregory Bartko**
  gbartko@securitieslawcounsel.com
- **Thomas P. Dillon**
  tdillon@slk-law.com
- **George B. Donnini**
  donnini@butzel.com,smithe@butzel.com
- **Earle I. Erman**
  eerman@ermanteicher.com,gsafko@ermanteicher.com,deisenberg@ermanteicher.com,skoss@okeefeandassociates.com
- **Patricia B. Fugee**
  pfugee@ralaw.com,tburgin@ralaw.com,cbaker@ralaw.com
- **Benjamin J. Hanauer**
  hanauerb@sec.gov
- **Alan N. Harris**
  AHARRIS@BODMANLLP.COM,LHIGNITE@BODMANLLP.COM
- **Miles D. Hart**
  mhart@saretsky.com
- **Richardo I. Kilpatrick**
  rkilpatrick@kaalaw.com
- **F. Thomas Lewand**
  tlewand@bodmanllp.com,ncoleman@bodmanllp.com
- **James G. Lundy**
  lundyj@sec.gov
- **Jonathan S. Polish**
  polishj@sec.gov,nicholsl@sec.gov
- **Jane D. Quasarano**
  jquasarano@bodmanllp.com,jcox@bodmanllp.com,tvasser@bodmanllp.com
- **Joseph E. Richotte**
  richotte@butzel.com,puls@butzel.com
- **Michael J. Riordan**
  michael.riordan@usdoj.gov,jonathan.sonbay@usdoj.gov,debbie.walker@usdoj.gov
- **Gary M. Saretsky**
  gsaretsky@saretsky.com,jsterling@saretsky.com,emichaels@saretsky.com,mbennett@saretsky.com
- **Jonathan M. Sterling**
  jsterling@saretsky.com

                                          /s/ Julia N. Squires