**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

IN RE:

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:09-cv-12950 |
| PLAINTIFF, | Honorable DAVID M. LAWSON |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC AND SHARI A. BRAVATA | |
| DEFENDANTS. | |

_____/

**CREDITOR OAKLAND COUNTY TREASURER'S LIMITED OBJECTION TO THE RECEIVER'S MOTION FOR AUTHORITY TO SELL CERTAIN OFFICE FURNISHINGS AND ABANDON CERTAIN OFFICE FURNISHINGS**

NOW COMES Creditor, Oakland County Treasurer ("Treasurer"), by and through counsel, KILPATRICK & ASSOCIATES, P.C. and in support of its Limited Objection to the Receiver's Motion for Authority to Sell Certain Office Furnishings and Abandon Certain Office Furnishings, hereby states as follows:

1. The Treasurer admits the allegations contained in Paragraph 1 of the Motion.

2. The Treasurer admits the allegations contained in Paragraph 2 of the Motion.

3. The Treasurer admits the allegations contained in Paragraph 3 of the Motion.

4. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and leaves the Receiver to its proofs. The Treasurer admits that the Receiver Entities own certain personal property located at 3000 Town Center, Suite 1700, Southfield, Michigan. The Treasurer further states that it has a lien on the personal property located at 3000 Town

Center, Suite 1700, Southfield, Michigan pursuant to unpaid personal property taxes for the 2009 tax year in the amount of $4,110.89.

5. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and leaves the Receiver to its proofs.

6. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and leaves the Receiver to its proofs.

7. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and leaves the Receiver to its proofs.

8. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and leaves the Receiver to its proofs.

9. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and leaves the Receiver to its proofs.

10. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and leaves the Receiver to its proofs. The Treasurer requests that the Court order the Receiver to pay the personal property taxes from the proceeds of the sale of the Office Furnishings to R.J. Montgomery.

11. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and leaves the Receiver to its proofs.

12. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and leaves the Receiver to its proofs.

13. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and leaves the Receiver to its proofs.

14. The Treasurer lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and leaves the Receiver to its proofs.

WHEREFORE the Oakland County Treasurer prays that this Honorable Court do each the following:

a) grant the Receiver's Motion for Authority to Sell Certain Office Furnishings and Abandon Certain Office Furnishings;

b) prohibit disbursement of any part of the sale proceeds to any other interested or secured parties until the Oakland County Treasurer's tax liens are satisfied out of sale proceeds;

c) order payment of the Oakland County Treasurer's liens in the amount of $4,110.89, together with any additional accrued interest at the rate of 12% per annum, from sale proceeds upon closing; and

d) grant such other, further and different relief as the Court deems just and equitable under the circumstances.

          Respectfully submitted,

          KILPATRICK & ASSOCIATES, P.C.
      Attorneys for the Oakland County Treasurer

By: /S/ LEONORA K. BAUGHMAN
    RICHARDO I. KILPATRICK (P35275)
    LEONORA K. BAUGHMAN (P33534)
    903 N. Opdyke Road, Suite C
    Auburn Hills, MI 48326
    248-377-0700
    ecf@kaalaw.com

Dated: November 18, 2009

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT**

IN RE:

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:09-cv-12950 |
| | Honorable DAVID M. LAWSON |
| PLAINTIFF, | |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC AND SHARI A. BRAVATA | |
| DEFENDANTS. | |

_____/

**BRIEF IN SUPPORT OF CREDITOR OAKLAND COUNTY TREASURER'S LIMITED OBJECTION TO THE**

**RECEIVER'S MOTION FOR AUTHORITY TO SELL CERTAIN OFFICE FURNISHINGS AND ABANDON CERTAIN OFFICE FURNISHINGS**

Creditor, Oakland County Treasurer ("Treasurer"), by and through counsel, KILPATRICK & ASSOCIATES, P.C. files this Brief in Support of its Limited Objection to the Receiver's Motion for Authority to Sell Certain Office Furnishings and Abandon Certain Office Furnishings.

Creditor, Oakland County Treasurer ("Treasurer"), is the tax collecting governmental unit for Oakland County, Michigan. As such, it is the Treasurer's duty to collect property taxes for the county and various cities and townships within the county, which accrue on both real and personal property.

BBC Equities owns the personal property at 3000 Town Center, Suite 1700, Southfield, Michigan ("Property").

**Michigan General Property Tax Act**

Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended. MCL § 211.1, et seq. The taxable status of persons and real and personal property is

determined as of the tax day, which in Michigan is December 31 of the immediately preceding year. MCL § 2ll.2(2).

Most Local Taxing Authorities impose a summer property tax levy each year, which taxes become a lien on July 1 of the year but may be due at various dates between July 31 and September 14 of the same year, depending on local ordinances. MCL § 211.44a(4). All Local Taxing Authorities impose a winter property tax levy each year, which is billed in December of the year but due to be paid by February 14th of the following year. MCL § 211.44. If the personal property taxes are unpaid on February 15 of the following year, the Local Taxing Authorities return the unpaid taxes as delinquent to the applicable county treasurer. MCL § 211.44(9).

Pursuant to Michigan statute, the amounts assessed for real and personal property taxes become a first lien, superior to all other claims, encumbrances and liens, on December 1; or on a day provided for by the charter of a city or village; or on the day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

**Property Taxes for 2009**

BBC Equities' obligation to pay property taxes in Michigan for 2009 accrued prior to the filing of the case. The Summer 2009 property taxes on the Property in the amount of $3,115.97 came due on or before September 14, 2009, based on local ordinances. The Winter 2009 property taxes on the Property in the amount of $994.92 will come due on February 14, 2010. The unpaid real and personal property taxes for 2009 in Michigan will become statutory liens on the real and personal property of the Debtors as of July 1, 2009, as provided by other local ordinances, or December 1, 2009, at the latest.

**Basis for Relief - Argument**

The unpaid personal property taxes constitute a lien against the Property in favor of the Treasurer that is superior and paramount to all other interests pursuant to MCL 211.40. The Sale Motion fails to acknowledge the primacy, under state law, of the lien held by the Treasurer in the Property. The Treasurer does not consent to the sale of the Property without the payment of the personal property taxes.

Upon information and belief, the proceeds from the subject property are sufficient to permit payment of all delinquent personal property taxes out of proceeds upon closing of the sale.

While the Treasurer does not oppose the sale of the Property, *per se,* the Treasurer objects to the Sale Motion's failure to indicate the primacy of the Treasurer's lien over the interests of other parties under state law and failure to provide for payment of the Treasurer's claims at closing of the sale.

WHEREFORE the Oakland County Treasurer prays that this Honorable Court do each the following:

a) grant the Receiver's Motion for Authority to Sell Certain Office Furnishings and Abandon Certain Office Furnishings;

b) prohibit disbursement of any part of the sale proceeds to any other interested or secured parties until the Oakland County Treasurer's tax liens are satisfied out of sale proceeds;

c) order payment of the Oakland County Treasurer's liens in the amount of $4,110.89, together with any additional accrued interest at the rate of 12% per annum, from sale proceeds upon closing; and

e) grant such other, further and different relief as the Court deems just and equitable under the circumstances.

                    Respectfully submitted,

                    KILPATRICK & ASSOCIATES, P.C.
            Attorneys for the Oakland County Treasurer

By: /S/ LEONORA K. BAUGHMAN
     RICHARDO I. KILPATRICK (P35275)
     LEONORA K. BAUGHMAN (P33534)
     903 N. Opdyke Road, Suite C
     Auburn Hills, MI 48326
     248-377-0700
     ecf@kaalaw.com

Dated: November 18, 2009