UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) ) Case No. 2:09-CV-12950-DML-VMM |
| Plaintiff, | ) ) Judge David M. Lawson |
| -vs- | ) ) |
| John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC, and Shari A. Bravata, | ) ) ) ) ) |
| Defendants. | ) |

## CITIZENS CREDIT UNION'S MOTION TO INTERVENE AND BRIEF IN SUPPORT

Jonathan S. Polish
James G. Lundy
Benjamin J. Hanauer
Securities and Exchange Commission
*Attorneys for Plaintiff*
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
(312) 353-6884 (Polish)
(312) 353-0878 (Lundy)
(312) 353-8642 (Hanauer)

Michael J. Riordan
*Assistant United States Attorney*
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9602

Gregory Bartko
Law Office of Gregory Bartko, LLC
*Attorney for Defendants*
3475 Lenox Rd., Suite 400
Atlanta, GA 30326
(404) 238-0550

Raymond C. Schultz (P45478)
Sara E.D. Fazio (P62046)
Kreis, Enderle, Hudgins & Borsos, P.C.
*Attorneys for Citizens Credit Union*
171 Monroe Ave. NW
Suite 900B
Grand Rapids, MI 49503
(616) 254-8400

George B. Donnini
Joseph E. Richotte
Butzel Long, PC
*Attorneys for Defendants*
150 W. Jefferson Ave., Suite 100
Detroit, MI 48226
(313) 225-7000

Thomas P. Dillon (P55191)
Shumaker, Loop & Kendrick, LLP
*Attorneys for Huntington National Bank*
1000 Jackson Street
Toledo, OH 43604
(419) 241-9000

Citizens Credit Union ("CCU"), through undersigned counsel, respectfully moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24 for the purpose of protecting its interest in its collateral. In support of this motion, CCU hereby states as follows:

1. On or about September 30, 2005, CCU loaned Defendant John Bravata ("Bravata") the sum of $47,025 for the purpose of purchasing a 2005 Cadillac STS (the "Loan"). See copy of Loan and Security Agreements and Disclosure Statement ("Loan Agreement") attached as **Exhibit 1**.

2. The Loan was collateralized by a first secured interest in the 2005 Cadillac STS (VIN# 1G6DC67A450195671) (the "Collateral"). See copy of Receipt for RD-108 Dealer Transaction attached as **Exhibit 2**.

3. On July 27, 2009, this Court entered a *Temporary Restraining Order* ("TRO") The TRO was continued by this Court's August 4, 2009 *Order Granting the Plaintiff's Motion for Preliminary Injunction and Continuing the Order Freezing Assets* ("Preliminary Injunction") and its September 2, 2009 *Order Appointing Receiver*. The Court's entry of the TRO and Preliminary Injunction has effectively instituted a stay in this action preventing creditors from instituting collection proceedings against Defendants (the "Stay").

4. Since July 2009 when the TRO was issued, Bravata has not made any monthly payments as required by the Loan Agreement (**Exhibit 1**). Accordingly, Bravata is in default of the Loan Agreement.

5. As of the date of filing, the amount due and owing on the Loan is $18,161.45. See copy of CCU transaction report attached as **Exhibit 3**.

6. The current NADA value of the Collateral is $13,650, more than $4,500 less than

the amount Bravata currently owes on the Loan.  See copy of NADA vehicle pricing information attached as **Exhibit 4**.

7. Because the amount due and owing on the Loan exceeds the value of the Collateral, there is no equity in the Collateral available to either the Receiver or Bravata.

8. The cost of insuring the Collateral adds expense to the Receivership Estate that cannot be offset by value added to the estate.

9. By virtue of its first secured interest in the Collateral, CCU's interest in the Collateral is prior and senior to the rights of all other parties.

10. CCU has not been compensated for the impairment of its rights to the Collateral.

11. CCU's proposed Motion for Limited Relief from Order Freezing Assets (without exhibits) is attached as **Exhibit 5**.

12. Pursuant to E.D.Mich. LR 7.1, CCU conferred with counsel for the Receiver, Bravata and the SEC regarding the nature of the relief sought.  Counsel for the Receiver and the SEC have indicated they do not object to the relief requested, while Counsel for Bravata indicated that he would not consent.

13. This motion is supported by the attached exhibits and the following memorandum in support.

WHEREFORE, CCU requests that this Court enter an order permitting it to intervene in this matter as of right pursuant to Federal Rule of Civil Procedure 24, so that it can protect its interest in its Collateral.  CCU does not intend pursue a deficiency judgment unless the Stay is lifted by this Court.

## ISSUE PRESENTED

Can Citizens Credit Union intervene in this matter for the purpose of protecting its interest in collateral subject to the asset freeze under either Fed.R.Civ.P. 24(a)(2) or Fed.R.Civ.P. 24(b)?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. Federal Rule Civil Procedure 24(a)(2)

2. Federal Rule Civil Procedure 24(b)

## BRIEF

Defendant Bravata borrowed funds from CCU to finance the purchase of the Collateral. Upon entry of the Stay in this matter, Bravata defaulted on the Loan. Currently, Bravata owes CCU in excess of the value of the Collateral and, as such, neither Bravata nor the Receivership Estate has an equity interest in the Collateral. CCU seeks to intervene in this action to modify the Stay imposed by this Court to allow it to recover and liquidate its Collateral.

## BACKGROUND

On or about September 30, 2005, CCU loaned Bravata $47,025 for the purchase of a vehicle (see **Exhibit 1**). In conjunction with making the Loan, CCU took a first priority security interest in the Collateral, specifically the 2005 Cadillac STS (see **Exhibit 2**).

On July 27, 2009, this Court entered the TRO which was then continued by this Court's Preliminary Injunction and Order Appointing Receiver. The Court's entry of the TRO and Preliminary Injunction has resulted in a Stay of collections against the Defendants, including Bravata. Due to the entry of the TRO, Bravata has defaulted on the Loan by failing to make the monthly installment payments required under the Loan Agreement (**Exhibit 1**).

The total amount due and owing on the Loan is currently $18,161.45 (see **Exhibit 3**). However, the current NADA value of the Collateral is only $13,650 (see **Exhibit 4**). Accordingly, there is no equity in the Collateral available to either the Receiver or Bravata.

CCU seeks to intervene in this matter to protect its interest in the Collateral. Specifically, CCU will seek a modification of the Stay allowing it to recover and liquidate its Collateral to mitigate its losses on the Loan (see **Exhibit 6**). Such liquidation of the Collateral will not affect the interests of the parties in this action, because the Collateral has no equity. The Receiver

could not liquidate the Collateral due to CCU's first priority security interest reflected on the vehicle's title. Furthermore, the cost of insuring the Collateral adds expense to the Receivership Estate that cannot be offset by value added to the estate.

CCU has not been compensated for the impairment of its rights to the Collateral, and as the first secured party its rights ought to be protected.

## LAW AND ARGUMENT

<u>Intervention as of Right</u>

Under Fed.R.Civ.P. 24(a)(2), on timely application to the Court, a party may intervene as of right when:

> On timely motion, the court must permit anyone who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit has ruled that a third party can intervene if it can establish four elements: (1) timeliness of the application; (2) a substantial legal interest in the case; (3) impairment of the third party's ability to protect its interest absent intervention; and (4) inadequate representation of the third party's interest by the parties already before the court in the action. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir.2006). CCU meets this four-part test.

First, CCU's motion is timely. The factors to be considered in determining whether a motion to intervene is timely are: (1) the point to which the case has progressed; (2) the purpose for which intervention is sought; (3) the length of time the applicant knew of should have known of its interest in the case prior to filing the motion; (4) the prejudice to the existing parties of any delay in moving to intervene; and (5) the existence of unusual circumstances militating in favor

of or against intervention. *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir.2000) (citation omitted). This matter was filed only four months ago, and CCU learned of Bravata's default when he missed his monthly installment payment in August 2009. Since August, CCU has retained counsel and contacted counsel for the parties to seek concurrence with its efforts to recover the Collateral. In late October 2009, CCU received confirmation from Bravata's counsel that he will not consent to CCU's recovery of the Collateral. CCU seeks a limited relief from the Stay in this matter to recover and liquidate its Collateral. Such relief will not prejudice the parties to this case, because the Collateral has no equity.

Clearly, CCU has a substantial legal interest in the Collateral, an asset that has been frozen by the Court in this matter pursuant to the Stay. If CCU is not permitted to intervene, its interest in the Collateral will be impaired. The disposition of this action will impair or impede CCU's ability to receive the funds it is entitled to pursuant to its first priority security interest. Furthermore, the parties to this matter do not adequately represent CCU's interests. Bravata's interest is plainly adverse to CCU's, as he would be opposed to the repossession of his vehicle. The Receiver is disinterested in the Collateral because there is no equity to be recovered, nor can the Receiver sell the Collateral due to CCU's lien. The SEC and the other Defendants in this action are similarly disinterested.

<u>Permissive Intervention</u>

If the Court finds no right to intervene under Fed.R.Civ.P. 24(a), it still has discretion to permit intervention by anyone whose "claim or defense and the main action have a question of law or fact in common." As set forth above, CCU unquestionably has a substantial interest in the Collateral, an asset which has been frozen pursuant to the Stay in this matter. Moreover, there is

currently no party to this litigation that adequately represents CCU's interests. To the extent intervention of right is not granted, CCU respectfully requests an Order from the Court permitting it to intervene for the purpose of protecting its interest in the Collateral.

## CONCLUSION

Intervention is warranted in this situation. CCU satisfies all elements of Fed.R.Civ.P. 24(a)(2) and should be permitted to intervene so that it may protect its interest in the Collateral subject to the Stay entered in this proceeding. In the alternative, permissive intervention under Fed.R.Civ.P. 24(b) is warranted.

Respectfully submitted,

KREIS, ENDERLE, HUDGINS
& BORSOS, P.C.

Dated: November 30, 2009       By:  /S/ _____
                                    Sara E.D. Fazio (P62046)
                                    171 Monroe Avenue, NW
                                    Suite 900B
                                    Grand Rapids, Michigan  49503
                                    (616) 254-8400

CERTIFICATE OF SERVICE
I, Shelly L. Van Liere, caused the above Motion and Brief, and Exhibits 1-5 to be served on counsel of record via electronic transmission via the Court's Electronic Service.
Date: 11/30/09  /s/_____
        Shelly L. Van Liere