UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 2:09-cv-12950 |
| | Honorable David M. Lawson |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| JOHN J. BRAVATA, RICHARD J. TRABULSY, ANTONIO M. BRAVATA, BBC EQUITIES, LLC, BRAVATA FINANCIAL GROUP, LLC and SHARI A. BRAVATA, | |
| Defendants. / | |

**RECEIVER'S MOTION TO ABANDON HUNTINGTON REAL PROPERTY
AND REQUEST TO EXPEDITE THE DATE BY WHICH ANY PARTY MUST OBJECT
TO THE REQUESTED RELIEF TO DECEMBER 11, 2009**

Earle I. Erman, Receiver of BBC Equities, Inc. and Bravata Financial Group, files this Motion To Abandon Huntington Real Property and Request to Expedite the Date by Which Any Party Must Object to The Requested Relief to December 11, 2009 and in support states as follows:

1. On July 26, 2009, the United States Securities and Exchange Commission (the "SEC") commenced a lawsuit in this Court against John J. Bravata, Richard J. Trabulsy, Antonio M. Bravata, BBC Equities, LLC, Bravata Financial Group, LLC (collectively "BBC/Bravata Defendants") and Shari A. Bravata. In its Complaint the SEC alleges that the BBC/Bravata Defendants engineered and executed a scheme to defraud investors in violation of the Securities

Act of 1933, the Securities Exchange Act of 1934, and various regulations promulgated under that legislation.

2. On September 2, 2009, this Court entered a Receivership Order appointing Earle I. Erman ("Receiver") as the Receiver of BBC Equities, Inc. and Bravata Financial Group LLC ("Receivership Entities"). The Receivership Order granted the Receiver the powers, authorities, rights, and privileges described within the order necessary to marshal and preserve the assets of the Receivership Entities.

3. On October 19, 2009, the Receiver filed his interim report reflecting the existence, value, and location of all known assets and liabilities of the Receivership Entities (the "Interim Report").

4. In Schedule D to the Interim Report, the Receiver analyzed all known real estate interests of the Receivership Entities. On November 2, 2009, the Receiver filed Amended Exhibit D to the Interim Report.

5. The vast majority of the real estate interests owned by the Receivership Entities are encumbered beyond their current or realistically realizable value and represent no value to the Receivership Entities.

6. Huntington Bank ("Huntington") and the Receiver have reached an agreement to abandon certain real property in which Huntington has an interest as a secured creditor.

**The Huntington P&R and Rockland Property**

7.      On November 9, 2009, Huntington filed its Motion to Enter Order Amending Temporary Restraining Order, Preliminary Injunction and Order Appointing Receiver to Exclude the P&R and Rockland Properties Mortgaged to the Huntington National Bank and Brief in Support (the "Huntington P&R Motion")(Tab 1) requesting that this Court grant it relief to foreclose and liquidate the P&R Property and Rockland (as defined in the Huntington P&R Motion).

8.      The P&R and Rockland Property is of no value or benefit to the Receivership Entities in that no equity from the sale of the P&R and Rockland Property will be realized by the Receivership Entities.  The P&R and Rockland Property is potentially burdensome to the estate in that the Receivership Entities do not have the funds to maintain the P&R and Rockland Property.  Abandonment also prevents the accrual of potential claims associated with retaining the P&R and Rockland Property.

9.      Under the terms described in the Order Amending Temporary Restraining Order, Preliminary Injunction and Order Appointing Receiver to Exclude the P&R Properties Mortgaged to the Huntington National Bank (the "P&R Proposed Order"), the Receiver consents to abandon the P&R and Rockland Property and other relief requested in the Huntington P&R and Rockland Motion.   Accordingly, the Receiver requests that this Court grant him authority to abandon the property and enter the P&R Proposed Order attached as Tab 2.

## The Huntington Amberwood Property

10.    On November 10, 2009, Huntington filed its Motion for Limited Relief from the Order for Preliminary Injunction Freezing Assets as to the Amberwood Properties (the "Huntington Amberwood Motion")(Tab 3) requesting that this Court grant it relief to foreclose and liquidate the Amberwood Property (as defined in the Huntington Amberwood Motion).

11.    The Amberwood Property is of no value or benefit to the Receivership Entities in that no equity from the sale of the Amberwood Property will be realized by the Receivership Entities. The Amberwood Property is potentially burdensome to the estate in that the Receivership Entities do not have the funds to maintain the Amberwood Property. Abandonment also prevents the accrual of potential claims associated with retaining the Amberwood Property.

12.    Under the terms described in the Order Amending Temporary Restraining Order, Preliminary Injunction and Order Appointing Receiver to Exclude the Amberwood Properties Mortgaged to the Huntington National Bank (the "Amberwood Proposed Order"), the Receiver consents to abandon the Amberwood Property and other relief requested in the Huntington Amberwood Motion. Accordingly, the Receiver requests that this Court grant him authority to abandon the property and enter the Amberwood Proposed Order attached as Tab 4.

**The Huntington Timberstone Property**

13. On November 10, 2009, Huntington filed its Motion for Limited Relief from the Order for Preliminary Injunction Freezing Assets as to the Timberstone Properties (the "Huntington Timberstone Motion")(Tab 5) requesting that this Court grant it relief to foreclose and liquidate the Timberstone Property[1] (as defined in the Huntington Timberstone Motion).

14. The Timberstone Property is of no value or benefit to the Receivership Entities in that no equity from the sale of the Timberstone Property will be realized by the Receivership Entities. The Timberstone Property is potentially burdensome to the estate in that the Receivership Entities do not have the funds to maintain the Timberstone Property. Abandonment also prevents the accrual of potential claims associated with retaining the Timberstone Property.

15. Under the terms described in the Order Amending Temporary Restraining Order, Preliminary Injunction and Order Appointing Receiver to Exclude the Timberstone Properties Mortgaged to the Huntington National Bank (the "Timberstone Proposed Order"), the Receiver consents to abandon the Timberstone Property and other relief requested in the Huntington Timberstone Motion. Accordingly, the Receiver requests that this Court grant him authority to abandon the property and enter the Timberstone Proposed Order attached as Tab 6.

16. These matters have been of public record since November 10, 2009 and no party has objected to the proposed relief. Huntington filed a Motion to Intervene indicating its intent to seek the property and no party appeared at the hearing to object to Huntington's intervention. Additionally, it is appropriate in the circumstances to permit Huntington to exercise its rights as a

---

[1] As noted in the Huntington Timberstone Motion, two of the Timberstone Properties may have equity. Huntington has agreed to remit any excess proceeds to the Receiver and agreed to allow the Receiver the right to approve the listing price and any sale of these two properties. The Receiver believes that sale by Huntington under these terms maximizes the value to the Receivership Entities.

Detroit_969158_2

secured creditor in its collateral without further delay. Accordingly, the Receiver requests that this Court expedite the date by which any party must object to entry of the Timberstone Proposed Order, the Amberwood Proposed Order and the P&R and Rockwood Proposed Order and identify the date by which objections must be filed as December 11, 2009.

       17.    **WHEREFORE**, the Receiver respectfully requests that this Court enter the orders, substantially in the form attached as Tab 2, 4 and 6, authorizing the Receiver to abandon the real property or grant other relief that this Court deems appropriate.

                             Respectfully submitted,

                             BODMAN LLP

                By: <u>s/Jane Derse Quasarano</u>
                   F. Thomas Lewand (P16619)
                   *tlewand@bodmanllp.com*
                   Robert J. Diehl (P31264)
                   *rdiehl@bodmanllp.com*
                   Jane Derse Quasarano (P45514)
                   *jquasarano@bodmanllp.com*
                   Alan N. Harris (P56324)
                   *aharris@bodmanllp.com*
                   6th Floor at Ford Field
                   1901 St. Antoine Street
                   Detroit, Michigan 48226
                   (313) 259-7777
                   Attorneys for Receiver

December 4, 2009

UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

     Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC and SHARI A.
BRAVATA,

     Defendants.
_____/

Case No.2:09-cv-12950
Honorable David M. Lawson

**BRIEF IN SUPPORT OF RECEIVER'S MOTION
TO ABANDON HUNTINGTON REAL PROPERTY AND REQUEST
TO EXPEDITE THE DATE BY WHICH ANY PARTY MUST OBJECT TO THE
REQUESTED RELIEF TO DECEMBER 11, 2009**

     Earle I. Erman, Receiver of BBC Equities, Inc. and Bravata Financial Group, files this Brief in Support of his Motion To Abandon Huntington Real Property and Request to Expedite the Date by Which Any Party Must Object to The Requested Relief to December 11, 2009 and relies on the Federal Rules of Civil Procedures, the terms of the Receivership Order and applicable law.

Respectfully submitted,

BODMAN LLP

By: s/Jane Derse Quasarano
    F. Thomas Lewand (P16619)
    *tlewand@bodmanllp.com*
    Robert J. Diehl (P31264)
    *rdiehl@bodmanllp.com*
    Jane Derse Quasarano (P45514)
    *jquasarano@bodmanllp.com*
    Alan N. Harris (P56324)
    *aharris@bodmanllp.com*
    6th Floor at Ford Field, 1901 St. Antoine Street
    Detroit, Michigan  48226
    (313) 259-7777
    Attorneys for Receiver

December 4, 2009

UNITED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC and SHARI A.
BRAVATA,

    Defendants.
    _____/

Case No.2:09-cv-12950
Honorable David M. Lawson

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 4, 2009 *Receiver's Motion to Abandon Huntington Real Property and Request to Expedite the Date by Which Any Party Must Object to the Requested Relief to December 11, 2009 and Brief in Support* was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

    /s/ Jane Derse Quasarano
    Bodman LLP
    6th Floor at Ford Field
    1901 St. Antoine Street
    Detroit, Michigan 48226
    Phone: (313) 259-7777
    Fax: (313) 393-7579
    Email: jquasarano@bodmanllp.com
    Attorney for Receiver, Earle I. Erman

Detroit_969158_2