UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

                Defendants.
_____/

Case No. 09-12950
Honorable David M. Lawson

**ORDER GRANTING THE RECEIVER'S MOTION TO ABANDON THE
HUNTINGTON PROPERTY IN ASHLAND, OHIO AND AMENDING THE
TEMPORARY RESTRAINING ORDER, THE PRELIMINARY INJUNCTION ORDER
AND THE ORDER APPOINTING RECEIVER TO EXCLUDE THE HUNTINGTON
PROPERTY IN ASHLAND, OHIO**

On December 4, 2009, the Receiver filed a motion to abandon certain real properties mortgaged to Huntington National Bank (Huntington). One of such properties is the property referred to as the "Huntington Property" located at Amberwood, Ashland, Ohio 44805. The Receiver believes The Huntington Property should be abandoned because the Receivership Estate has insufficient funds to maintain it, there is no likelihood of obtaining any net value for the Receivership Estate, and the balance remaining on Huntington's mortgage against the Huntington Property exceeds the value of the property. No party voiced an objection to the Receiver's motion. Therefore, the Court will grant it.

Accordingly, it is **ORDERED** that with regard to the Huntington Property, the Receiver's motion to abandon Huntington real property [dkt. # 168] is **GRANTED**.

It is further **ORDERED** as follows:

1. The Preliminary Injunction is hereby **MODIFIED** to provide that the Huntington Property is excluded from the Preliminary Injunction, and the Receivership Order is modified to release the Huntington Property to permit Huntington to exercise their rights as the holder of a mortgage.

2. The Preliminary Injunction is hereby **MODIFIED** to provide that the rents and other proceeds from the Huntington Property are hereby excluded from the Preliminary Injunction, and the Receivership Order is modified to direct the Receiver to turn over to Huntington the Huntington Property, including rents and other proceeds which come to his possession or control in the future.

3. Huntington shall provide an accounting to the Receiver for all amounts realized on the Huntington Property, including rents and other proceeds, and all expenses related to the Huntington Property, and shall hold the excess (if any) of all amounts realized on the Huntington Property net of expenses above the debt secured by the Huntington Property pending further order of this Court.

4. The Receiver shall provide an accounting to Huntington for the rents and other proceeds of the Huntington Property that are now, or hereafter come into his possession or control.

5. Huntington shall pay the Receiver the amounts of $1,917.50 and $2,956.00 to compensate them for administrative expenses incurred during investigation, review and analysis related to entry of this Order. This Order shall not become effective unless and until such sums are paid.

6. Huntington shall not make claims against the Receiver or the Receivership estate for matters related to the Huntington Property, except for (I) claims related to the accountings and other matters required by this Order and (ii) claims and defenses asserted in response to claims (if any) now or hereafter asserted in proceedings by the Receiver or the Receivership Estate against Huntington relating to the Huntington Property, in which event Huntington may assert all claims and defenses that it would have but for this Order.

7. Nothing contained in this Order shall affect the rights of Huntington or the Receiver and the Receivership Estate as to any properties other than the Huntington Property nor shall this Order affect the terms and conditions of the Temporary Restraining Order, Preliminary Injunction or Receivership Order in any other respect, including any provision precluding Huntington from proceeding against John J. Bravata, Richard J. Trabulsy, Shari A. Bravata, or Antonio M. Bravata individually.

8. This Court retains jurisdiction over the parties to, and subject matter of, this Order for all purposes, including disputes and unforeseen issues, and that Huntington has consented to such jurisdiction by its approval of this Order.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 13, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 13, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO