UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                    Plaintiff,

v.

JOHN J. BRAVATA, RICHARD J.
TRABULSY, ANTONIO M. BRAVATA,
BBC EQUITIES, LLC, BRAVATA
FINANCIAL GROUP, LLC, and SHARI A.
BRAVATA,

                    Defendants.
_____/

Case No. 09-12950
Honorable David M. Lawson

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On January 26, 2011, the Court authorized the Receiver to turn over the paper documents in its possession to the grand jury and to waive any attorney-client privilege that might exist with respect to BBC Equities, LLC, and Bravata Financial Group, LLC. The order was entered after hearing oral argument on the United States's motion to compel the Receiver to comply with the grand jury subpoena. On February 1, 2011, John Bravata filed a motion for reconsideration and asked the Court to reverse its earlier rulings regarding the paper documents and the Receiver's authority to waive the attorney-client privilege with respect to the receivership entities.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

The defendant has not presented a palpable defect in the Court's decision to authorize the Receiver to turn over the paper documents in its possession. The government subpoenaed the relevant documents over ten months ago. The reason behind the delay in dealing with the subpoena was the difficulty in accessing the electronically stored information (ESI). The Court had to find a way to allow access to the ESI without corrupting the data so the defendants could state their position regarding privilege, but the integrity of the documents would not be compromised. The paper documents have been available all along, and the defendants never raised an objection to the subpoena's request for the paper documents or sought to interpose a privilege of any kind as to their production by the Receiver. The defendants' failure to raise an objection until now in a motion for reconsideration acts as a waiver. *Scottsdale Insur. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

The defendant argues that the Court erred in allowing the grand jury access to information that was not requested by its subpoena. The Receiver is in possession of documents relating to the Receivership entities. The Receiver has not taken possession of the defendants' personal documents, and there is no order directing the Receiver to do so. To the extent that the defendant's objection intends to assert the constitutional rights of the receivership entities, the individual defendants are not competent to do so because they are not in a position to raise the constitutional rights of another. *See Rakas v. Illinois*, 439 U.S. 128, 132 n.2 (1978); *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003); *see also United States v. Mudd*, No. , 2007 WL 2815842, *2 (W.D. Ky. Sept. 24, 2007) ("'In general, the attorney-client privilege is personal and cannot be asserted by anyone other than the client.'" (quoting *United States v. Hatcher*, 323 F.3d 666, 675 n.2 (8th Cir. 2003))). Moreover,

the Court determined that requiring toe Receiver to cull through the voluminous material in search of items responsive to the subpoena would not be a prudent use of the Receiver's time and the resulting expense.

The defendant argues that the Court was not scheduled to hear arguments on whether the Receiver had the ability to waive the attorney-client privilege of the receivership entities. This is a curious objection. The Receiver's ability to waive the attorney-client privilege was the only legal obstacle concerning compliance with the subpoena by the Receiver. This was the exact issue presented for review. Turning to the merits, Bravata cites *Commodity Futures Trading Com'n v. Weintraub*, 722 F.2d 338 (7th Cir. 1984), for the proposition that a trustee in bankruptcy does not have the power to waive the attorney-client privilege on behalf of an incorporated entity. The problem with Bravata's reliance on that authority is that the case was reversed by the Supreme Court. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343 (1985). In that case, the Supreme Court observed:

> The parties also agree that when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties.

*Id.* at 349. The Court reasoned that for the purpose of the bankruptcy, the trustee amounted to "new management" and had the power to act in the business's interest, which included waiving the corporation's evidentiary privileges. The Court held "that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications." *Id.* at 358. In this case, the Receiver is functioning in the same manner as a

bankruptcy trustee, marshaling and preserving assets as circumstances allow. The appointing order provides the Receiver with broad authority to act on behalf of the receivership entities. That authority includes the right to waive the attorney-client privilege, if the Receiver in his judgment deems that course prudent. There was no palpable defect in the Court's decision on that issue.

The defendant argues that the attorney-client privilege issue should have been argued at a later date because he did not have sufficient time to retain counsel. On November 24, 2010, Gregory Bartko, counsel for John J. Bravata, Antonio M Bravata, and Shari A Bravata, was suspended from the practice of law in this District as a result of a felony conviction in the United States District Court for the Eastern District of North Carolina. *In re Bartko*, No. 10-MC-51299. On November 29, 2010, the Court disqualified Gregory Bartko from serving as counsel in this matter and stayed this case through December 30, 2010 to allow the defendants time to secure representation. John Bravata represented to this Court that he had contacted an attorney about appearing in this matter, and he had retained an attorney in New York to represent him in the criminal investigation. The government avers that it contacted Aaron Phelps, the attorney who Mr. Bravata hoped to retain in this matter, and Jeffrey Lichtman, the attorney who Mr. Bravata stated was his criminal attorney. Mr. Phelps has not returned the government's phone call, and Mr. Lichtman stated that he did not plan to file an appearance in this case and was not representing Mr. Bravata in this matter. The Court provided Mr. Bravata with time to secure counsel, and he apparently did so. Further delay is not warranted.

Mr. Bravata has failed to demonstrate a palpable defect that misled the Court and the parties; therefore, his motion will be denied.

Accordingly, it is **ORDERED** that defendant John Bravata's motion for reconsideration [dkt. #392] is **DENIED**.

                                                      s/David M. Lawson  
                                                      DAVID M. LAWSON  
                                                      United States District Judge

Dated:   February 11, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2011.

                              s/Deborah R. Tofil  
                              DEBORAH R. TOFIL