# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 21, 2015

Antonio Bravata

Mr. John Joseph Bravata

Shari Bravata

Mr. Christopher Paik

Ms. Jane Derse Quasarano

Re: Case No. 14-1350/14-1807/14-1945/14-1958/14-1965/14-1969/14-2015, *SEC, et al v. John Bravata, et al*
Originating Case No. : 2:09-cv-12950

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Robin Baker
Case Manager
Direct Dial No. 513-564-7027

cc: Ms. Tracey Hardin
Mr. William Kenneth Shirey
Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 14-1350/1807/1945/1958/1965/1969/2015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION; EARLE I. ERMAN, | ) ) ) | **FILED** Dec 21, 2015 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) |  |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| JOHN JOSEPH BRAVATA; ANTONIO BRAVATA; SHARI BRAVATA, | ) ) ) | THE EASTERN DISTRICT OF MICHIGAN |
| Defendants-Appellants, | ) ) |  |
| and | ) ) |  |
| RICHARD J. TRABULSY, et al., | ) ) |  |
| Defendants. | ) ) |  |

O R D E R

Before: MOORE and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

In these consolidated appeals, John Joseph Bravata, Antonio Bravata, and Shari Bravata, proceeding pro se, appeal the judgment of the district court granting summary judgment in favor of the United States Securities and Exchange Commission ("SEC") in a civil-fraud enforcement action (Case No. 14-1350). The Bravatas also seek to appeal the orders of the district court granting the receiver's motion to approve the final report and terminate the receivership (Case No. 14-1965) and granting the receiver's motion to amend the order approving the final report

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and terminating the receivership (Case No. 14-1969). Another appeal from the district court's denial of an in forma pauperis motion (Case No. 14-1350) has previously been effectively resolved. The Bravatas have not addressed the issues on appeal in the remaining cases (Case Nos. 14-1807/1945/1958). These cases have been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2009, the SEC initiated a five-count civil fraud enforcement action against John and Antonio Bravata, BBC Equities LLC, Bravata Financial Group, and other individuals. The SEC alleged that the defendants engaged in a "Ponzi"-type scheme by making fraudulent representations to wealthy, elderly investors, and that the scheme generated more than fifty million dollars in investments. The SEC claimed that the defendants' scheme violated the Securities Exchange Act of 1934 (Count IV) and the Securities Act of 1933 (Counts II and III), and that the defendants unlawfully sold unregistered securities (Count I) and unlawfully sold securities without registering as broker dealers (Count V). The SEC sought damages, fines, disgorgement, and injunctive relief. The SEC also sought disgorgement from "relief defendant" Shari Bravata, the wife of John Bravata, because she enjoyed the proceeds of the scheme. Shortly after the SEC's complaint was filed, BBC Equities LLC and the Bravata Financial Group ceased operations. The district court thereafter granted the SEC's motion for a preliminary injunction and asset freeze, and appointed Earle I. Erman as receiver, granting him the power to "marshal and preserve all assets" of the defendants. Following an evidentiary hearing, the district court determined that the preliminary injunction, receivership, and asset freeze order should continue, based on a finding that the SEC demonstrated a likelihood of success on the merits and that the disputed assets were likely acquired from investor funds.

While the SEC's case was pending, John and Antonio were arrested on criminal charges connected to the fraudulent investment scheme, and the district court stayed the case pending the outcome of the criminal proceedings. The men were charged in the United States District Court for the Eastern District of Michigan with conspiracy and wire fraud. On March 27, 2013, a jury found John guilty of one count of conspiracy to commit wire fraud and fourteen counts of wire fraud. The district court sentenced him to serve concurrent 240-month terms of imprisonment on

Case 2:09-cv-12950-DML-VMM ECF No. 716, PageID.10816 Filed 12/21/15 Page 4 of 8 (4 of 8)
Case: 14-1350 Document: 54-2 Filed: 12/21/2015 Page: 3

Nos. 14-1350/1807/1945/1958/1965/1969/2015
- 3 -

each count. The court also ordered him to pay more than forty-four million dollars in restitution. The jury found Antonio guilty of one count of conspiracy to commit wire fraud, but acquitted him as to a substantive fraud count; the district court imposed a 60-month term of imprisonment and ordered him to pay restitution in the amount of seven million dollars. John and Antonio have appealed their convictions and sentences; those appeals are currently pending in this court (Case Nos. 13-2380/2381/2591).

The district court thereafter lifted the stay in the instant case and ordered the defendants to file answers to the amended complaint. The SEC subsequently filed this summary judgment motion, asserting that John and Antonio's criminal convictions for wire fraud and conspiracy to commit wire fraud justified judgment as a matter of law in the civil securities fraud action based on the doctrine of collateral estoppel. The SEC contended that it was entitled to permanent injunctive relief and disgorgement against all defendants, including Shari, because it was undisputed that each of the defendants received proceeds from the fraudulent scheme. In their responses, John and Antonio argued that the criminal charges were different from the allegations made in the civil securities fraud case and that collateral estoppel thus should not apply. John argued that any claims of fraud were negated by disclosures and warnings that were given to all investors; Antonio argued that he was not found guilty of an individual fraud count and that, in any event, all of his actions were taken under the instruction of his superiors at Bravata Financial Group; and Shari argued that there was no proof that she directly participated in the fraud and that no court has found her guilty of violating federal securities laws.

After consideration of the parties' pleadings, the district court concluded that John and Antonio's criminal convictions were sufficient to establish claims for securities fraud in the instant civil action and that the SEC was entitled to judgment as a matter of law on all counts. The district court also determined that the SEC was entitled to relief from all defendants, including Shari. The court ordered John and Shari, jointly and severally, to disgorge more than five million dollars they received as proceeds of the fraudulent scheme, plus more than one million dollars in pre-judgment interest; Antonio was ordered to disgorge approximately half a million dollars he received as proceeds, plus pre-judgment interest of approximately one hundred

Case 2:09-cv-12950-DML-VMM ECF No. 716, PageID.10817 Filed 12/21/15 Page 5 of 8 (5 of 8)
Case: 14-1350 Document: 54-2 Filed: 12/21/2015 Page: 4

Nos. 14-1350/1807/1945/1958/1965/1969/2015
- 4 -

thousand dollars. The district court also granted a permanent injunction against defendants as well as civil penalties. Judgment was entered on March 6, 2014.

John, Antonio, and Shari appealed (Case No. 14-1350). At the same time, Erman, the receiver, filed a motion for an order approving the final report, approving final application of funds to approved fees, terminating the receivership, discharging the receiver, and other relief, which the district court granted. The Bravatas appealed (Case No. 14-1965). Erman later moved for the issuance of an amended judgment to correct clerical errors, which the district court also granted. The Bravatas also appealed from that order (Case No. 14-1969).

In conjunction with their appeals, the Bravatas filed motions to proceed in forma pauperis. After consideration, we granted their motions with respect to their appeal from the district court's March 6, 2014, judgment granting summary judgment in favor of the SEC, as well as their appeals from the district court's grant of Erman's post-judgment motions. *SEC, et al. v. Bravata, et al.*, Nos. 14-1350/1807/1945/1958/1965/1969/2015 (6th Cir. Mar. 11, 2015). Their requests for other miscellaneous relief were denied.

On appeal, John and Antonio contend that they were not convicted of any SEC violations and that their conspiracy and fraud convictions cannot, therefore, be the basis for a grant of summary judgment in favor of the SEC in the current action on the basis of collateral estoppel. They also contend that the SEC did not prove that they sold "securities," and that, because they were never controlled or regulated by the SEC—nor were required to be—they cannot be liable for violating securities laws. John, Antonio, and Shari also all challenge the order of disgorgement. In a reply brief, the Bravatas challenge Erman's disposal of their assets as a further injustice that stemmed from the district court's mistake in finding that the SEC was entitled to summary judgment. In conjunction with their appeal, the Bravatas have filed a motion for the appointment of counsel.

A court must grant "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review de novo an order granting summary judgment. *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006).

Case 2:09-cv-12950-DML-VMM ECF No. 716, PageID.10818 Filed 12/21/15 Page 6 of 8 (6 of 8)
Case: 14-1350 Document: 54-2 Filed: 12/21/2015 Page: 5

Nos. 14-1350/1807/1945/1958/1965/1969/2015
- 5 -

As the district court concluded, the doctrine of collateral estoppel primarily warranted the grant of the SEC's motion for summary judgment. Collateral estoppel "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). A federal court decision has collateral estoppel effect when the following four elements are satisfied:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Smith v. SEC*, 129 F.3d 356, 362 (6th Cir. 1997) (en banc) (quoting *Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987)). Pertinent to this case, collateral estoppel bars a defendant who is convicted in a criminal trial from contesting this conviction in a subsequent civil action with respect to issues necessarily decided in the criminal trial. *See Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 157 (1963).

In this case, John and Antonio's misrepresentations and securities fraud were essential to their criminal convictions, and the same conduct formed the basis of the violations alleged in this civil action by the SEC. John and Antonio's culpability in a scheme to defraud investors was actually litigated, was necessary to the outcome, resulted in final judgments of conviction, and was resolved after a full and fair opportunity to litigate in the criminal case. *See Smith*, 129 F.3d at 362. Moreover, the primary defense raised by John and Antonio herein—that disclosures made in the materials given to investors precluded any liability—was rejected by the district court in a motion for judgment of acquittal filed by John and joined by Antonio during their criminal trial. Accordingly, the district court did not err by granting summary judgment in favor of the SEC on Counts II, III, and IV of the amended complaint, which alleged that the defendants violated the Securities Act by defrauding investors and engaging in a scheme to defraud investors.

Case 2:09-cv-12950-DML-VMM  ECF No. 716, PageID.10819  Filed 12/21/15  Page 7 of 8
Case: 14-1350  Document: 54-2  Filed: 12/21/2015  Page: 6   (7 of 8)

Nos. 14-1350/1807/1945/1958/1965/1969/2015
- 6 -

With respect to the remaining Counts I and VI of the amended complaint, which alleged that the defendants unlawfully sold unregistered securities and sold securities without registering as broker dealers, the district court also did not err in granting summary judgment in favor of the SEC. Pursuant to statute, a "security" includes an "investment contract." 15 U.S.C. § 77b(a)(1). Although John and Antonio argued that summary judgment was not appropriate because there was a genuine issue of material fact as to whether what they sold to investors could be considered "securities," their argument is unavailing. The Supreme Court has stated that the test for determining whether a particular financial arrangement constitutes a security is whether it entails "an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." *U.S. Housing Found., Inc. v. Forman*, 421 U.S. 837, 852 (1975). In this case, the Bravatas sold investors an "interest" in BBC Equities, promising that the funds obtained would be invested and specific returns would be realized. Importantly, the materials the Bravatas gave to investors referred to the investments as "securities," belying the Bravatas' argument in opposition. Further, it was undisputed in the district court that these securities were not registered, as required by Section 5 of the Securities Act, and that John and Antonio were not registered as securities dealers, as required by Section 15 of the Securities Act. Therefore, the district court properly granted summary judgment in favor of the SEC on the remaining civil claims against John and Antonio.

Regarding the government's request for specific remedies, John and Antonio did not address the issue in the district court. Accordingly, they have waived any argument on appeal concerning the imposition of any civil penalties or the order of disgorgement. *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) (holding that arguments not raised below are generally waived on appeal).

As for the order of disgorgement against Shari, the district court did not err in imposing penalties upon her as a relief defendant. It is within the power of the federal court to order equitable relief against such a defendant—even though he or she is not accused of wrongdoing—if the defendant: "(1) has received ill-gotten funds; and (2) does not have a legitimate claim to

Case 2:09-cv-12950-DML-VMM ECF No. 716, PageID.10820 Filed 12/21/15 Page 8 of 8 (8 of 8)
Case: 14-1350 Document: 54-2 Filed: 12/21/2015 Page: 7

Nos. 14-1350/1807/1945/1958/1965/1969/2015
- 7 -

those funds." *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (citing *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998)).

In order to be entitled to disgorgement, the SEC needs to demonstrate only a reasonable approximation of the ill-gotten gains; once it does so, the burden shifts to the defendant to demonstrate the SEC's estimate is not reasonable. *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004) (per curiam). Here, the government's forensic accountant reasonably approximated that John and Shari received $5,201,494.89 in proceeds, and that Antonio received $444,384. Because none of the Bravatas set forth evidence to dispute these calculations, the district court did not abuse its discretion in ordering disgorgement in those amounts.

For the foregoing reasons, the SEC was entitled to summary judgment and the requested relief. With respect to the post-judgment motions approving Erman's final report, the Bravatas did not file objections to Erman's motion for the district court to approve his final report and none of the Bravatas appeared at the hearing on the motion, although they filed other pleadings during that time. Accordingly, they waived any argument regarding the final-approval orders on appeal. *See PACCAR Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 258 (6th Cir. 2003), *abrogated on other grounds by KP Permanent Make-up, Inc. v. Lasting Impressions I, Inc.*, 543 U.S. 111 (2004).

Finally, because the Bravatas have not addressed the issues on appeal in the remaining cases (Case Nos. 14-1807/1945/1958) in their appellate briefs, they have abandoned any argument regarding those appeals. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal.").

The judgment of the district court is **AFFIRMED**. The Bravatas' motion for counsel is **DENIED**.

                    ENTERED BY ORDER OF THE COURT

                    Deborah S. Hunt, Clerk